Douglas H. **DENNIS,**
Defendant–Appellant,

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 3–680A158.

Court of Appeals of Indiana,
Third District.

Nov. 18, 1980.

Dempsey A. Cox, Cox & Albright Professional Corp., South Bend, for defendant–appellant.

Theodore L. Sendak, Atty. Gen. of Indiana, Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for plaintiff–appellee.

GARRARD, Presiding Judge.

Appellant Dennis was charged with child molesting, a Class C felony. On November 13, 1979, the court conducted an omnibus hearing and the case was scheduled for trial as a "second setting" on January 28, 1980.

It appears that the victim, who was to be the state's principal witness, had moved to St. Louis, Missouri, during the interim since the alleged commission of the offense. When, on Wednesday, January 23, 1980, it still appeared that the case scheduled as the primary setting for the 28th would go to trial, the prosecutor's office contacted the victim and instructed her that she need not appear for trial on Monday unless the prosecutor contacted her again by the evening of the 24th. No such notification was given.

Then on the afternoon of Friday, January 25, the state was first advised of a tentative plea agreement in the case which had the primary setting for January 28th and that the Dennis case would be called for trial.

On Monday the 28th the state appeared and moved for a continuance. Noting that the motion did not comply with the requirements of IC 35-1-26-2 [1] and that the prosecutor had taken it upon himself to advise the witness not to attend, the court denied the motion.

The state then indicated that it was not ready to proceed because of the absence of the prosecuting witness. However, there was no request to proceed with impaneling the jury, nor did the defendant indicate a desire to waive jury trial and that the state

should call its first witness.[2] Instead, Dennis moved for a dismissal which was granted. When the state requested leave to refile, the court stated,

"I'm not going to rule on the dismissal as being with or without prejudice, which I think gives the state leave to refile, at least unless a motion to dismiss is made. There are too many procedural and double jeopardy issues that I have not researched and it would be more properly raised in a motion to dismiss if it is refiled, so that the issues can be properly framed."

Accordingly, the next day the state filed the instant prosecution,[3] Dennis moved to dismiss, his motion was denied and we allowed this interlocutory appeal.

It should be pointed out that at the time this prosecution was commenced the statute of limitations was no bar to the action. Nor has Dennis asserted a denial of constitutional speedy trial rights premised upon the state's actions. *See, e. g., Terry v. State* (1980), Ind.App., 400 N.E.2d 1158.

Thus, the question presented for review is limited to whether the dismissal granted on January 28, 1980 was necessarily "with prejudice." We conclude that it was not and that Dennis' appeal must fail.

■ The general rule in criminal prosecutions is that a dismissal of the charge will not bar a renewal of proceedings unless the substantial rights of the accused have been prejudiced, as where speedy trial is found to have been denied or jeopardy has attached in the first prosecution.

■ Thus, IC 35-3.1-1-13 provides that the prosecutor may secure a dismissal at any time before *sentencing* and the dismissal will not bar reprosecution unless the defendant objects when the motion is made. *See Maxey v. State* (1976), 265 Ind. 244, 353 N.E.2d 457. Similarly, IC 35-3.1-1-4, which specifies nine (9) grounds upon which

1. The statute requires the prosecutor to show by affidavit that absence of the witness was not procured through his own actions.

2. Under IC 35-41-4-3(a)(2) jeopardy would have attached when the jury was impaneled and sworn or, in a bench trial, after the first witness was sworn. In his reply brief Dennis

has expressly disavowed that his claim is premised on double jeopardy or denial of speedy trial rights.

3. It is undisputed that the same offense is charged.

a defendant may move for the dismissal of an indictment or information, expressly states,

"(e) The order of dismissal shall not, of itself, constitute a bar to a subsequent prosecution of the same offense except as otherwise modified or removed by an appropriate order of the court."

The rationale behind this approach is grounded in the public policy which favors the prosecution of persons committing criminal offenses.

Needless to say, our sense of procedural fair play is offended by notions of the state appearing on a scheduled trial date and dismissing a charge only to recommence it shortly thereafter.

However, we must subordinate that offense to the larger policy consideration except where the defendant can and does show expiration of the statute of limitations, denial of speedy trial rights or that jeopardy attached in the prior proceeding.

Since those exceptions do not appear, the court's order denying the motion to dismiss the present charge is affirmed. *Cf. Majors v. State* (1969), 252 Ind. 672, 251 N.E.2d 571; *Copeland v. State* (1961), 242 Ind. 290, 178 N.E.2d 463.

Affirmed.

STATON and HOFFMAN, JJ., concur.