**STATE of Indiana, Appellant**
**(Plaintiff Below),**

v.

**Lawrence C. JOYNER, Appellee**
**(Defendant Below).**

**No. 4–585A143.**

Court of Appeals of Indiana,
Fourth District.

Oct. 1, 1985.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant.

Susan K. Carpenter, Public Defender of Indiana, June D. Oldham, Deputy Public Defender, Indianapolis, for appellee.

MILLER, Judge.

The State of Indiana appeals from an adverse ruling whereby the trial court granted its Motion to Dismiss but did so with prejudice. The state contends the dismissal should have been without prejudice.

The relevant facts are that on April 24, 1984, Defendant Lawrence L. Joyner was charged by information with Battery, which was denominated as a class D felony. On the day trial was scheduled to begin, November 1, 1984, the prosecution tendered an amendment to the information. The defense objected and a hearing was then held on the Motion to Amend.

At the hearing the prosecution argued that it had been the state's intent all along to charge Joyner with a class D felony and that it was only on the preceding day that it was noticed that the body of the information did not set forth the required language. Joyner argued against the amendment claiming it was a change in substance, and he would be prejudiced by the amendment and a continuance.

The trial court decided not to permit the amendment, whereupon the prosecution moved to dismiss the information. Joyner objected stating he had prepared a great deal for the trial, subpoenaed a number of witnesses, and it would be unfair to dismiss the information. The trial court agreed and dismissed the information with prejudice, over the prosecution's contention that the dismissal had to be without prejudice.

DECISION

The prosecutor's right to dismiss an indictment or information is addressed in IND.CODE 35–34–1–13(a) which reads as follows:

35–34–1–13 Motion to dismiss by prosecuting attorney

Sec. 13. (a) Upon motion of the prosecuting attorney, the court shall order the dismissal of the indictment or information. The motion may be made at any time before sentencing and may be made on the record or in writing. The motion shall state the reason for dismissal.

Both parties concede that under this statute the prosecutor may move to dismiss at any time before sentencing, and the trial court is required to grant the dismissal. *See also, Maxey v. State* (1976), 265 Ind. 244, 353 N.E.2d 457, *Hughes v. State* (1985) Ind.App., 473 N.E.2d 630. The point of contention centers around whether the trial court erred in granting the dismissal with prejudice.

Joyner contends Section (b) of I.C. 35–34–1–13 is relevant because he objected to the dismissal at trial. This section reads as follows:

(b) In any case where an order sustaining a motion to dismiss would otherwise constitute a bar to further prosecution of the crime charged, unless the defendant objects to dismissal, the granting of the motion does not bar a subsequent trial of the defendant on the offense charged.

Joyner's argument is that since he objected to the dismissal, it constitutes a bar to a subsequent refiling of charges and the court's dismissal with prejudice was correct.

We find differently and conclude that Section (b) of I.C. 35–34–1–13 is inapplicable to the case at bar. The language of this statute is nearly identical to its predecessor statute, IND.CODE 35–3.1–1–13(b). As the commentary to that statute stated, the purpose of Section (b) is "to impose an affirmative obligation on the defendant to

object to the dismissal, or in the alternative, waive the defense of double jeopardy if a new action is instituted at a later time." I.C. 35–3.1–1–13 commentary (West 1978).

■ A similar observation was made by the Supreme Court in *Swinehart v. State* (1978), 268 Ind. 460, 376 N.E.2d 486:

The defendants' pleading denominated "Objection to Motion to Dismiss" and filed in response to the State's motion to dismiss the first indictment was a nullity in this case. Such objections are inappropriate except where jeopardy has attached, and the right to protest a subsequent prosecution for the same crime would, otherwise, be waived.

*Id.* 376 N.E.2d at 489. There is no indication however, that mere objection to a dismissal in and of itself is enough to bar a new action. Consequently, we hold that I.C. 35–34–1–13(b) does not require that the dismissal of charges in this case be with prejudice.

The question of when a criminal is prejudiced by a dismissal was addressed in *Dennis v. State* (1980), Ind.App., 412 N.E.2d 303, where the court stated:

The general rule in criminal prosecutions is that a dismissal of the charge will not bar a renewal of proceedings unless the substantial rights of the accused have been prejudiced, as where speedy trial is found to have been denied or jeopardy has attached in the first prosecution.

*Id.* at 304.

Joyner makes no claim of violation of his speedy trial rights, double jeopardy or that the statute of limitations has run. The primary basis for the trial court's dismissal with prejudice appears to be inconvenience and financial hardship to Joyner. In denying the state's Motion to Correct Errors the trial court stated:

The court now finds that it would be a denial of the defendant's right to the due process of law and a denial of his right to a fair trial to allow the State to refile this charge after having caused the defend-

ant to go to the lengths of preparation involved herein and then having dismissed when he did.

In addition to being an unreasonable and easily avoidable demand upon the defendant's time and resources to require him to prepare present himself for a second trial, the court finds that it is an inefficient use of judicial resources to allow the prosecutor's discretion to be exercised in such an unprofessional and unbridled manner.

The public policy requiring efficient use of judicial resources when weighed against the policy of giving the prosecutor wide discretion might well require that this Motion To Correct Errors be overruled even if it did not appear to be a violation of the defendant's substantive rights to require him to again prepare and present himself for trial on this set of facts.

■ We cannot agree. The inconvenience and financial hardship in Joyner's case, while regretable do not prejudice his substantial rights. There is no evidence in the record that a fair trial was impossible. Joyner claims he and his witnesses would be inconvenienced, but there is no evidence to suggest that the witnesses would not be available for trial. Nor does the fact that Joyner had expended energy in preparation preclude the opportunity for fair trial. In short, no prejudice has accrued to Joyner's case.

■ We are of course dismayed, as the trial court was, at the procedural posture this case must take as a result of the prosecution filing a defective information and having to dismiss and refile. In this regard, we are of a like mind with the court in *Dennis v. State, supra,* which also involved a dismissal and refiling caused by prosecutorial mistake or oversight. We must conclude however, as the *Dennis* court, did that although our sense of prosecutorial fair play is offended it must be subordinated to "The public policy which

favors the prosecution of persons committing criminal offenses." *Dennis,* 412 N.E.2d at 305. *See also, Swinehart v. State, supra.*

We conclude the trial court erred in dismissing the information with prejudice. Because there is no evidence that Joyner's substantial rights were prejudiced, the dismissal should have been without prejudice.[1]

Reversed.

YOUNG, P.J., and CONOVER, J., concur.

---

1. Our Supreme Court subscribed to this position in *Trotter v. State* (1981), Ind., 429 N.E.2d 637, where the court disallowed an amendment to an information relying on IND.CODE 35–31–1–5(e) (Repealed; for present law see IND.CODE 35–34–1–5.) Despite adhering to the statute the court questioned the wisdom of prohibiting amendments that do not prejudice the substantial rights of the defendant;

"We are at a loss to understand why the State should not be entitled to amend charges, even as to theory and identity, as we understand such terms, when it can be done without prejudicing the substantial rights of the accused. Nor do we see how the accomplishment of a change in charges by amendment, prior to arraignment, can be objectionable when the dismissal and refiling of charges would not be proscribed by the statute of limitations or speedy trial rules. Yet subsection (e) leaves no discretion in the trial judge in such matters.
429 N.E.2d at 640.