D. Michael Bowman, Michael A. Ksenak, Bowman & Ksenak, Indianapolis, for appellee-defendant.

**STATE of Indiana, Appellant–Plaintiff,**

v.

**Roger M. LYNN, Appellee–Defendant.**

No. 49A02–9304–CR–170.

Court of Appeals of Indiana,
Second District.

Dec. 14, 1993.

SHIELDS, Judge.

This appeal presents the question whether the State is barred from filing a criminal charge against a defendant after it has failed to appeal the prior dismissal with prejudice of the same charge. It is.

*FACTS*

On January 11, 1992, Roger M. Lynn was charged with failure to stop after an accident,[1] a class C misdemeanor. On the day

1. *See* IC 9–26–1–2 (1988) & IC 9–26–1–9 (1988).

his trial was scheduled, the State filed a motion to dismiss the charge because a State's "Essential Civilian Witness [was] Not Present." Record at 17. Lynn objected on the grounds that his substantial rights would be prejudiced by the dismissal. The trial court granted the State's motion, but dismissed the charge with prejudice upon a showing of "prejudice to [Lynn's] substantial rights." Record at 60.

On July 16, 1992, the State filed the identical charge against Lynn. Lynn successfully moved to dismiss the new charge based upon the prior dismissal with prejudice.

### DISCUSSION

The State argues that the trial court erred in dismissing the refiled charge because the prior trial court erred when it dismissed the prior charge with prejudice and further, the State had the absolute right to dismiss the preceding charge and refile the dismissed charge.

 The issue whether there was a sufficient basis for the prior court's determination that Lynn's substantial rights had been prejudiced, as a result of which the prior court granted the State's motion to dismiss but with prejudice, is not before us. Because the initial dismissal was with prejudice as a result of an adjudication of Lynn's claim that the State's dismissal prejudiced his substantial rights, the initial dismissal constituted a final judgment which the State was required to appeal to avoid being bound by the judgment. Because the State failed to file a timely appeal, this appeal is nothing more than an impermissible collateral attack on that prior judgment. Accordingly, the fact that the State had an absolute right to dismiss the initial charge is irrelevant as it does not avoid the finality of the dismissal with prejudice.[2]

This case is analogous to *State v. Moore* (1990), Ind.App., 553 N.E.2d 199. In *Moore*, the trial court granted Moore's motion to dismiss a defective indictment. The State subsequently refiled the same indictment and affidavit for probable cause. The trial court refused to find probable cause because the " 'Affidavit for Probable Cause re-alleges the same facts that were the subject of the ... [former charge] which was dismissed by order of this Court[.] ... [The] dismissal constituted an adjudication on the merits, [and] would constitute double jeopardy.' " *Id.* at 200 (citing Record at 29). The State filed the same charge once again. This third attempt was also unsuccessful; the trial court granted Moore's motion to dismiss. The State appealed the dismissal. In affirming the trial court, this court held that the initial dismissal was a final judgment which the State was required to appeal and that the present appeal was a collateral attack on the prior determination.

 Finally, we are unpersuaded by the State's argument that because it was the initial moving party, it would have been incongruous for it to have appealed the dismissal with prejudice. It has long been held that a party may secure appellate review of a favorable decision if he is aggrieved thereby. *Hughes v. State* (1985), Ind.App., 473 N.E.2d 630, 632, *trans. denied* (citing *Givan v. United States* (1956), 126 Ind.App. 425, 426, 133 N.E.2d 577, 577).

The trial court properly dismissed the charge against Lynn.

Judgment affirmed.

BAKER, J., concurs.

FRIEDLANDER, J., concurs.

---

2. A very forceful argument can be made that the prior court's dismissal with prejudice was within the inherent power of the trial court as a means for the court to deter the State from usurping the court's administrative power when the State attempts to dismiss a cause rather than to comply with the statutory requirements for a continuance found at IC 35–36–7–2 (1988).