**Gina GREGOR, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 55A05–9404–CR–139.

Court of Appeals of Indiana,
Fifth District.

Dec. 28, 1994.

Rehearing Denied March 2, 1995.

William Van Der Pol Jr., Law Office of William Van Der Pol Jr., Martinsville, for appellant.

Pamela Carter, Atty. Gen. of Indiana and Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

BARTEAU, Judge.

We consolidate and restate the issues raised by Gina Gregor on appeal as whether the trial court erred in granting the State's motion to correct error.

## FACTS

On June 22, 1993, the State charged Gregor by Information with battery causing bodily injury, a Class A misdemeanor. The Information alleged that on June 18, 1993, Gregor struck another person resulting in injuries.

A bench trial was originally set for September 9, 1993. Gregor appeared on that date with counsel prepared for trial. The State requested a continuance, citing lack of preparation and the unavailability of the victim, who was the State's principal witness and who had recently undergone surgery. The trial court granted the continuance over Gregor's objection and rescheduled the trial for November 15, 1993.

The deputy prosecutor originally assigned to the case was on vacation on November 15, 1993, and another deputy prosecutor was assigned to handle the case. The victim ap-

peared at the prosecutor's office on the morning of the trial date. The deputy prosecutor talked with the victim and reviewed the file. He decided that he was not prepared to try the case and that the testimony of additional witnesses was needed, none of whom had been subpoenaed. Planning to have the trial continued, the deputy prosecutor sent the victim home.

At the time trial was scheduled to commence, Gregor again appeared in court with counsel. The deputy prosecutor also appeared and requested a continuance, citing lack of preparation and the unavailability of witnesses. The deputy prosecutor explained the circumstances to the court, that the victim had been present in his office earlier but was sent home, and that he would need to subpoena additional witnesses.

Gregor objected, arguing that the State was seeking a continuance on the same grounds on which it had based its previous motion to continue. When the deputy prosecutor explained that it was not possible to summon the victim back into court for trial that day, the court dismissed the case with prejudice.

The State filed a motion to correct error, alleging that the dismissal should have been without prejudice. After a hearing, the court granted the State's motion. The State refiled charges against Gregor, and a new trial is pending.

## DISCUSSION

■ A trial court has wide discretion to correct errors and to grant new trials. *De Vittorio v. Werker Bros., Inc.* (1994), Ind. App., 634 N.E.2d 528, 530; Ind.Crim.Rule 16(B). We will reverse only for an abuse of discretion. *Id.* An abuse of discretion will be found when the trial court's action is against the logic and effect of the facts and circumstances before it and the inferences which may be drawn therefrom. *Id.* An abuse of discretion also results from a trial court's decision that is without reason or is based upon impermissible reasons or considerations. *Id.*

■ The situation presented in this appeal is similar to the case of *Dennis v. State*

(1980), Ind.App., 412 N.E.2d 303. In *Dennis,* the accused was charged with a Class C felony. Trial was scheduled for January 28, 1980. On the date of trial, the accused appeared with counsel prepared for trial. The State requested a continuance, citing lack of preparation and the absence of the victim, who was the State's principal witness. The prosecutor had believed that the trial was not going to begin on the scheduled date because another criminal trial was also scheduled for that day. The prosecutor had instructed the victim, who lived in Missouri, to not make the trip to Indiana to appear for trial.

The accused moved for a dismissal, which the court granted without designating whether it was with prejudice. When the State refiled charges on the next day, the accused moved for dismissal. The trial court denied the motion to dismiss, concluding that the previous dismissal had been without prejudice.

In affirming the trial court's conclusion, this court stated:

> The general rule in criminal prosecutions is that a dismissal of the charge will not bar a renewal of proceedings unless the substantial rights of the accused have been prejudiced, as where speedy trial is found to have been denied or jeopardy has attached in the first prosecution.

*Dennis,* 412 N.E.2d at 304.

This rule was bolstered by our opinion in *State v. Joyner* (1985), Ind.App., 482 N.E.2d 1377. In *Joyner,* the State moved to amend a defective Information on the date of trial. When the trial court denied the motion, the State moved to dismiss the action so it could refile the charges. The accused objected, stating that he would be prejudiced by a dismissal because he had prepared for trial and had subpoenaed witnesses. The trial court agreed and dismissed the case with prejudice.

Finding that the substantial rights of the accused had not been prejudiced, we stated:

> The inconvenience and financial hardship in Joyner's case, while regrettable do not prejudice his substantial rights. There is no evidence in the record that a fair trial was impossible. Joyner claims he and his witnesses would be inconvenienced, but there is no evidence to suggest that the

witnesses would not be available for trial. Nor does the fact that Joyner had expended energy in preparation preclude the opportunity for fair trial.

*482 N.E.2d at 1377.*

In its motion to correct error, the State presented this general rule to the trial court. The record is clear that the trial court then believed that it did not have the authority to dismiss the case with prejudice. In granting the State's motion to correct error, the trial court remarked:

> Based on the law that was cited by the State, I don't find that I have the right to dismiss it with prejudice. Therefore if the State wishes to refile, they may do so.

R. 54.

Gregor asks that we recognize an exception to the general rule which would allow for dismissal of Gregor's case with prejudice. The exception Gregor suggests focuses upon the actions of the State, rather than the prejudicial effect of the dismissal on the accused. Gregor contends that the trial court has the inherent power to dismiss with prejudice to deter the State from encroaching upon the court's authority. In support of her argument, Gregor points to *State v. Lynn* (1993), Ind.App., 625 N.E.2d 499, in which the court made the following statement in *obiter dicta:*

> A very forceful argument can be made that the prior court's dismissal with prejudice was within the inherent power of the trial court as a means for the court to deter the State from usurping the court's administrative power when the State attempts to dismiss a cause rather than to comply with the statutory requirements for a continuance found at IC 35–36–7–2 (1988).

625 N.E.2d at 500 n. 2. Gregor asserts that, had the trial court not labored under the false conclusion that it lacked the authority to dismiss the case with prejudice, the original dismissal would have withstood the State's motion to correct error.

We need not resolve the issue of whether the trial court has the inherent authority to dismiss a criminal case with prejudice upon finding that the State has acted to encroach upon the court's authority. Even if we assume the authority exists and the trial court labored under the erroneous conclusion that it was without authority to dismiss the case with prejudice, this particular case could not have been dismissed with prejudice because the State did not act in such a manner as to warrant such a sanction. The deputy prosecutor did not move for a dismissal of Gregor's case,[1] so it cannot be said the State attempted to usurp the court's administrative power by trying to dismiss the case rather than complying with the statutory requirements for a continuance. Gregor also argues that the State acted improperly by intentionally causing the absence of its only witness by sending the victim home on the morning of trial. However, we faced similar prosecutorial conduct in *Dennis* and found that dismissal without prejudice was appropriate.

As in the cases of *Dennis* and *Joyner,* we recognize Gregor's dissatisfaction with the State's ability to refile charges that have been dismissed due to the State's lack of preparation. *Joyner,* 482 N.E.2d at 1379–80; *Dennis,* 412 N.E.2d at 305. Nevertheless, Gregor's discontent must be subordinated to the public policy favoring the prosecution of persons accused of committing criminal offenses when a fair trial is available. *Id.*

The trial court did not abuse its discretion in granting the State's motion to correct error and ordering the case dismissed without prejudice. Gregor has pointed to no evidence in the record indicating that her substantial rights have been prejudiced, and does not contend that she has been denied her right to a speedy trial or that jeopardy has attached. Further, Gregor can point to no conduct by the State that would warrant a dismissal with prejudice under her proposed exception. In the absence of such, we cannot say that the trial court's decision was an abuse of discretion.

AFFIRMED.

SHARPNACK, C.J., and RUCKER, J., concur.

---

1. Neither the State nor Gregor moved for dismissal. The trial court ordered the action dismissed after the State moved for a continuance. None of the trial proceedings had commenced.