Keith DAVENPORT, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 49S00–9510–CR–1245.

Supreme Court of Indiana.

July 28, 1998.

Steven C. Litz, Monrovia, for Appellant.

Jeffrey A. Modisett, Attorney General, Preston W. Black, Deputy Attorney General, Indianapolis, for Appellee.

## ON PETITION FOR REHEARING

SELBY, Justice.

In its petition for rehearing, the State asks that this Court reinstate the three convictions that we dismissed in defendant Keith Davenport's direct appeal. *Davenport v. State*, 689 N.E.2d 1226 (Ind.1997). We grant this petition for rehearing for the purpose of correcting the state of the record. In the direct appeal, we described the events surrounding the dismissed convictions as follows:

"On July 14, 1994 in Marion Superior Court, Criminal Division 5, the State charged defendant with one count of murder. On February 2, 1995, four days prior to trial, the State filed a motion to amend the charging information by adding the charges of felony murder, attempted robbery, and auto theft. The court denied the motion. On February 6, 1995, the State dismissed the murder charge and refiled it, along with the three new charges. The State then transferred the case to Marion Superior Court, Criminal Division 1. In the new court, defendant filed a motion to dismiss the added charges. The trial court conducted a hearing and denied the motion." *Davenport*, 689 N.E.2d at 1229.

As the State points out in its petition for rehearing, the series of events occurred slightly differently. The State originally charged defendant with one count of murder in Criminal Division 1. On February 2, 1995, four days prior to trial, the State moved to amend the information by adding the three other charges. The motion was denied. On February 6, 1995, the State dismissed the information. That same day, the State refiled the murder charge, along with the three additional charges, in Criminal Division 5. Also that same day, the State moved to transfer the case back to Criminal Division 1. The transfer was granted. Defendant moved to dismiss the three additional counts in Criminal Division 1. After a hearing, the motion was denied.

This slight change in events does not alter our decision regarding the State's actions. As we stated in our original opinion, what the State managed to do here in dismissing and refiling was "significantly different from what has been permitted in the past." *Davenport*, 689 N.E.2d at 1230. In this case, the State attempted to charge defendant with three new charges only days before his trial was to begin. As this would have required defendant to prepare anew on the eve of trial, the trial court rightly denied the State's motion.[1] In response, the State used its inherent power to dismiss the case and then refile, not the same offense, but rather the same offense plus the three new offenses. The State has not before been permitted to wield its power in this manner.[2] This case significantly differs from the previous cases in that the State used its inherent power and the administrative power of the trial court to force defendant to discard his prior preparation for trial and begin anew on a trial with different charges, strategies, and defenses. While we offer no opinion had the State attempted this maneuver at an earlier stage

---

1. We note that the same trial court originally refused to allow the State to add the three charges and then later denied defendant's motion to dismiss the three charges. As presented in this case, however, that fact does not alter our ruling.

2. In all of the cases cited in our original opinion, the appellate courts of this State allowed the State to refile the same offense, not the same offense plus new offenses. *See Joyner v. State*, 678 N.E.2d 386, 392–94 (Ind.1997), *reh'g denied*; *Willoughby v. State*, 660 N.E.2d 570, 576–78 (Ind.1996); *Maxey v. State*, 265 Ind. 244, 353 N.E.2d 457, 460–61 (1976); *Dennis v. State*, 412 N.E.2d 303, 304–05 (Ind.Ct.App.1980). The cases cited by the State also do not provide

support for the refiling of the original plus new offenses. *See Burdine v. State*, 515 N.E.2d 1085, 1089–90 (Ind.1987); *Gregor v. State*, 646 N.E.2d 52, 54 (Ind.Ct.App.1994). The only case we could find that supports the State's action in any way is *Penley v. State*, 506 N.E.2d 806 (Ind. 1987). In *Penley*, the State dismissed a rape charge and then refiled it, along with a charge of burglary, in another court. *Penley*, 506 N.E.2d at 811. However, in that case, the issue was prosecutorial vindictiveness, the court had not made any rulings on the addition of the burglary count, and the defendant was not faced, effectively on the eve of trial, with defending against a new charge. *Id.*

when defendant had not yet finished significant preparation for trial, we do not feel that it can be allowed to happen on the very eve of trial. We deny the State's petition to reinstate the three improperly obtained convictions.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.