STATE of Indiana, Appellant–Plaintiff,

v.

Debbie EMRY, Appellee–Defendant.

No. 27A01–0103–CR–91.

Court of Appeals of Indiana.

July 10, 2001.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Donald H. Leslie, Marion, IN, Attorney for Appellee.

## OPINION

BAKER, Judge.

Appellant, the State of Indiana, appeals the trial court's decision to grant Debbie Emry's motion to correct errors and overturn a jury verdict, which determined that she was guilty of Possession of Marijuana[1] and Possession of Paraphernalia[2]. Specifically, the State maintains that the trial court abused its discretion because the evidence presented at trial was sufficient to support a guilty verdict on both counts.

### FACTS

On December 18, 1998, Debbie Emry was stopped by an officer of the Grant County Sheriff's Department for speeding. The sheriff's deputy asked Emry to produce her license, which she was unable to do. Upon running a computer check, the deputy found that Emry was driving with a suspended license. Emry was also unable to produce a registration or bill of sale for the vehicle she was driving. The deputy also checked the plates of the vehicle and determined that they belonged to another vehicle. At the time of the stop, Emry was the only person in the vehicle. The deputy performed an inventory search of the vehicle and found a denim jacket on the floorboard of the backseat which contained eight baggies filled with marijuana as well as a straight metal pipe used to smoke marijuana.

As a result, Emry was charged with Possession of Marijuana with a prior conviction, a class D felony; Driving with No Operator's License, a class C infraction; Providing a False or Fictitious Registration, a class C infraction; and Possession of Paraphernalia, a class A misdemeanor. On September 18, 2000, the jury found Emry guilty of the two drug offenses. On September 22, 2000, Emry filed a motion to correct errors claiming that the evidence was not sufficient to support the conviction and petitioned to have the conviction set aside. On November 20, 2000, the trial court granted Emry's motion to correct errors and set aside the jury verdict due to insufficient evidence. The judge stated that, although Emry had "control and constructive possession, … the most important element could not have

---

1. Ind.Code § 35–48–4–11.

2. Ind.Code § 35–48–4–8.3.

been met from any of the evidence given to the Court ... that she actually had knowledge of that intent." R. at 109–10.

The State now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

A trial court has wide discretion to correct errors and to grant new trials. *Gregor v. State*, 646 N.E.2d 52, 53 (Ind.Ct. App.1994). We will reverse only for an abuse of discretion. *Id.* An abuse of discretion will be found when the trial court's action is against the logic and effect of the facts and circumstances before it and the inferences which may be drawn therefrom. *Id.* An abuse of discretion also results from a trial court's decision that is without reason or is based upon impermissible reasons or considerations. *Dughaish ex rel. Dughaish v. Cobb*, 729 N.E.2d 159, 167 (Ind.Ct.App.2000).

### II. Abuse of Discretion Possession of Marijuana

The State contends that the trial court abused its discretion by granting Emry's motion to correct errors because the jury properly found that Emry's convictions were supported by the evidence. In resolving the issue, we note that when a motion for judgment on the evidence is made after the jury's verdict as part of a motion to correct errors, the trial court's ruling regarding the propriety of the motion is governed by Ind.Trial Rule 59. When sufficiency of the evidence regarding a jury's verdict is challenged in a motion to correct errors, T.R. 59(J)(7) provides:

In reviewing the evidence, the court ... shall enter judgment, subject to the provisions herein, if the court determines that the verdict of a non-advisory jury is

clearly erroneous as contrary to or not supported by the evidence. . . .

In its order correcting error the court shall direct final judgment to be entered or shall correct the error without a new trial unless such relief is shown to be impracticable or unfair to any of the parties or is otherwise improper. . . .

If the trial court determines that there is a total absence of evidence supporting a necessary element of plaintiff's case when sufficiency of the evidence is raised after the jury's verdict, it should enter judgment for the defendant. The verdict would be clearly contrary to the evidence. On the other hand, when there is some evidence to support the jury's verdict, the trial court must determine if the jury's verdict is supported by sufficient evidence without weighing the evidence or judging the credibility of the witnesses. *Huff v. Travelers Indem. Co*, 328 N.E.2d 430, 434 (Ind.Ct.App.1975).

If the trial court determines that there is substantial evidence of probative value to support each essential element of the claim, a further consideration is required. That is, the court goes on to consider whether the jury's verdict is against the weight of the evidence, which requires a weighing of the evidence by the trial court setting out the supporting and opposing evidence. *Mem'l Hosp. of South Bend, Inc. v. Scott*, 261 Ind. 27, 300 N.E.2d 50, 53 (1973).

Next, we note that one who knowingly or intentionally possesses marijuana commits a class A misdemeanor[3]. IND.CODE § 35-48-4-11. Possession of marijuana can be either actual or constructive. Constructive possession may support a conviction for a drug offense when actual possession is absent. *Moore v. State*, 613 N.E.2d 849, 851 (Ind.Ct.App.1993). Con-

---

3. Possession of Marijuana with a prior conviction is a class D felony.

structive possession of items found in an automobile may be imputed to the driver of the vehicle. *Young v. State*, 564 N.E.2d 968, 972 (Ind.Ct.App.1991).

 Constructive possession is established by showing that the defendant has the intent and capability to maintain dominion and control over the contraband. *Godar v. State*, 643 N.E.2d 12, 14 (Ind.Ct. App.1994). To prove the intent element, the State must demonstrate the defendant's knowledge of the presence of the contraband. *Goliday v. State*, 708 N.E.2d 4, 6 (Ind.1999). This knowledge may be inferred from either the exclusive dominion and control over the premises containing the contraband or, if the control is non-exclusive, evidence of additional circumstances pointing to the defendant's knowledge of the presence of the contraband. *Henderson v. State*, 715 N.E.2d 833, 835–36, (Ind.1999). Moreover, the exclusive possession of a vehicle is sufficient to raise a reasonable inference of intent. *Goliday*, 708 N.E.2d at 6.

Turning to the circumstances in the instant case, we note that the trial court unequivocally determined, in the hearing on the motion to correct errors, that Emry had constructive possession of the marijuana. R. at 109. Once it was determined that Emry had constructive possession, Emry's knowledge could be inferred if the State was able to prove that Emry had exclusive possession of the vehicle. See *Henderson*, 715 N.E.2d at 835. As set forth in the *FACTS*, Emry had exclusive dominion and control of the vehicle at the time the marijuana was located. Although Emry was not the owner of the vehicle, she was in sole possession of the automobile at the time she was stopped by the police officer. Moreover, she was alone in the vehicle at the time of the stop and she acknowledged upon cross-examination that she had been in exclusive pos-

session of the vehicle somewhere between two and eight hours before she was stopped. R. at 77. Since Emry had exclusive control over the vehicle, it was proper for the jury to infer that Emry had the intent and capability to exert dominion and control over the marijuana. See *Godar*, 643 N.E.2d at 14. Thus, the trial court erred in granting Emry's motion to correct error.

Judgment reversed and remanded to the trial court with instructions that the original verdict be reinstated and judgment and sentencing to be imposed thereafter.

BAILEY, J., and MATHIAS, J., concur.