Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 23 2014, 10:04 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**RANDY M. FISHER**
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRIANDRE Q. HOWARD, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1310-CR-428 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances Gull, Judge
Cause Nos. 02D06-1304-FB-82
02D05-1304-FD-464

**July 23, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Briandre Howard ("Howard") pleaded guilty in Allen Superior Court to Class B felony burglary and Class D felony theft. He was ordered to serve an aggregate sentence of eleven and one-half years in the Department of Correction with nine and one-half years executed and two years suspended to probation. Howard appeals and argues that the trial court abused its discretion in sentencing him and that his sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

**Facts and Procedural History**

On the afternoon of March 12, 2013, Latoya Gladden ("Gladden") called the Fort Wayne Police Department to report a burglary. When police officers arrived at Gladden's home, Gladden told them that, while she was away at a funeral, someone had kicked in the back door of her house and that a television, laptop, a video game system, and three tablet computers were missing. The family's puppy and the puppy's food were also missing. Gladden stated that she had found an Indiana identification card on her bedroom floor. The card had Howard's name and information on it. Gladden told the officers that, prior to calling the police, she had contacted Howard via Facebook and asked that he return the items. She reported that Howard responded to her message with a message apologizing for the theft.

A few weeks later, on April 19, 2013, the Fort Wayne Police Department received a report that a witness had observed three people using flashlights to look into vehicles in the parking lot of an apartment complex. The witness saw the three people get into a

2

silver vehicle and leave the complex. A vehicle matching the description was later stopped after the driver disregarded a traffic signal. Howard was seated in the passenger side seat of the vehicle. His clothing was wet and one of his fingers was bleeding. A hammer and crowbar inside the car were visible from outside of the car. A satellite radio receiver was also visible underneath Howard's leg. A Garmin GPS unit was later discovered inside the car.

It was later discovered that the windows of two vehicles in the apartment complex parking lot had been shattered and that items were stolen from the vehicles. The owners of the vehicles were Joshua Magsamen ("Magsamen") and Daniel Fox ("Fox"). Magsamen identified the GPS unit found in the car in which Howard was a passenger as the one that had been taken from his vehicle.

On April 25, 2013, the State charged Howard with Class B felony burglary under cause number 02D06-1304-FB-82 ("FB-82") and Class D felony theft under cause number 02D05-1310-FD-464 ("FD-464"). Howard pleaded guilty to both charges four months later, on August 21, 2013. He did not enter into a plea agreement with the State.

The trial court held a sentencing hearing on October 4, 2013. At the hearing, Howard argued that his age (nineteen years at the time of the offense) and his guilty plea without a plea agreement should be considered mitigating circumstances. He also emphasized that he had no prior adult felony convictions. The trial court found Howard's guilty plea to be a mitigating circumstance. Regarding Howard's age, the trial court noted that "[y]ou are quite young Mr. Howard but you're clearly old enough to know

3

better and it's troubling to the Court. So I don't find that to be a mitigator particularly in light of your juvenile record[.]" Tr. p. 14.

The trial court determined that Howard's juvenile criminal history—which consisted of four juvenile adjudications—was an aggravating circumstance. The trial court sentenced Howard to eight years executed and two years suspended to probation for cause number FD-82 and one and one-half years executed for cause number FD-464 and ordered that the sentence be served consecutively, for an aggregate sentence of nine and one-half years executed.

Howard now appeals, arguing that the trial court abused its discretion in imposing his sentence. Howard also argues that his sentence is inappropriate in light of the nature of the offense and the character of the offender.

## I. Abuse of Discretion

Sentencing decisions rest within the sound discretion of the trial court. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218 (Ind. 2007). So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. Id. An abuse of discretion will be found where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. Id. We review the presence or absence of reasons justifying a sentence for an abuse of discretion, but we cannot review the relative weight given to these reasons. Id. at 491.

Howard argues that the trial court abused its discretion when it failed to find his age to be a mitigating circumstance. When an allegation is made that the trial court failed

4

to find a mitigating factor, the defendant is required to establish that the mitigating evidence is both significant and clearly supported by the record. Id. at 493. However, a trial court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance. Rascoe v. State, 736 N.E .2d 246, 249 (Ind. 2000).

At Howard's sentencing hearing, the trial court stated that it did consider Howard's age as a mitigating circumstance, but assigned it little to no weight in light of Howard's juvenile record and since Howard was "clearly old enough to know better." Tr. p. 14. Therefore, the trial court did not ignore evidence of Howard's age, as he suggests, but, rather, considered Howard's age and concluded that his age was not a mitigating circumstance. This was not an abuse of the trial court's considerable discretion and we find no error here. See Tingle v. State, 632 N.E.2d 345 (Ind. 1994) (holding that maximum consecutive terms imposed on seventeen-year-old defendant convicted of robbery, confinement and theft were not manifestly unreasonable; sentencing court found mitigating circumstance of defendant's youth to be greatly exceeded by aggravating circumstances); see also Phelps v. State, 969 N.E.2d 1009 (Ind. Ct. App. 2012) trans. denied (no abuse of discretion in failing to properly weigh aggravating and mitigating factors).

Howard also argues that the trial court abused its discretion when it found his juvenile history to be an aggravating factor. Howard argues that "it is completely unreasonable to allow for juvenile adjudications to be used for mandatory minimum jail time under I.C. § 35-50-2-2.1(a)(1)(2) on adult offenses and then to be used once again by the trial court as an aggravating circumstance." Appellant's Br. at 12. However,

5

Howard cites no authority to support his argument that it is "unreasonable" for a trial court to consider juvenile adjudications both as factors supporting mandatory minimum jail time and as an aggravating circumstance in sentencing.

While it is true that another panel of this court has held that consideration of juvenile history as an aggravating factor may be improper where that history consists only of nonviolent misdemeanors unrelated to the conviction, see Watson v. State, 784 N.E.2d 515 (Ind. Ct. App. 2003), that holding is easily distinguishable from the facts and circumstances before us in this case. Here, Howard's criminal history consists of four juvenile adjudications, two of which were for the same types of adult offenses for which he has now been convicted. His first juvenile adjudication, for Class D felony theft if committed by an adult, occurred in 2008 when he was fourteen years old. The second adjudication, in 2009, was for Class A misdemeanor carrying a handgun without a license if committed by an adult. Howard's third and fourth juvenile adjudications, which occurred in 2012 when he was seventeen years old, were for Class B felony burglary and Class A misdemeanor carrying a handgun without a license if committed by an adult. While he was a juvenile, Howard was placed on probation, violated probation, was committed to the Indiana Boys School, and was placed on electronic monitoring.

Howard's juvenile history indicates that he began to commit serious crimes at a young age and that the efforts to rehabilitate him while a juvenile failed; he continued to commit similar offenses as an adult. Therefore, the trial court did not abuse its discretion when it considered his juvenile history to be an aggravating factor. See Davenport v. State, 689 N.E.2d 1226, 1232 (Ind. 1997) on reh'g in part, 696 N.E.2d 870 (Ind. 1998)

6

(holding that the presentence investigation report specifically detailed the defendant's juvenile charges and true findings and the trial court properly used this as evidence of criminal activity and as an aggravating factor); Saylor v. State, 765 N.E.2d 535, 559 (Ind. 2002) (holding that the defendant did not show that the trial court relied improperly on his juvenile record in imposing sentence when the record showed that the defendant engaged in a number of acts as a juvenile that would have been crimes if committed by adults), reh'g granted and reversed on other grounds, 808 N.E.2d 646 (Ind. 2004).

## II. Inappropriate Sentence

Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Reid v. State, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing Anglemyer, 868 N.E.2d at 491). The defendant has the burden of persuading us that his or her sentence is inappropriate. Id. (citing Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006)).

In our consideration of whether a sentence is inappropriate, we may take into account whether a portion of the sentence is ordered suspended or is otherwise crafted using any of the variety of sentencing tools available to the trial judge. See Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010). Finally, although we have the power to review and revise sentences, "[t]he principal role of appellate review should be to attempt to

leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008).

The sentencing range for Class B felony burglary is between six and twenty years, with an advisory sentence of ten years. Ind. Code § 35-50-2-5. The sentencing range for Class D felony theft is between six months and three years, with an advisory sentence of one and one-half years. Here, Howard received the advisory sentence for both of his felony convictions.

Howard argues that his sentence is inappropriate because his crimes were "simple property crimes and no victims were physically hurt in either the Burglary or the Theft." Appellant's Br. at 14. This is a specious argument. Howard broke into the home of a single mother and her children while the family was away at a funeral and stole expensive electronics, the family's new puppy, and the puppy's food. Although the family eventually recovered some of the stolen property, the puppy was never returned. Howard also helped smash the windows of cars parked in an apartment complex parking lot and stole electronics from those cars. There is nothing about the nature of Howard's offenses which suggests that his sentence is inappropriate.

Turning to Howard's character, we note that his contacts with the criminal justice system began as a juvenile and have continued into adulthood. As the trial court observed, Howard was adjudicated a delinquent for the crimes of burglary and theft. It is also important to note that Howard was also twice found to be carrying a handgun without a license as a juvenile. Howard's criminal activity as a juvenile has continued,

8

essentially without interruption, despite several opportunities for rehabilitation, to the point at which he chose to commit the crimes in this case as a very young adult. The fact that this is not Howard's first, or even second, poor choice reveals character that does not merit sentence revision under Indiana Appellate Rule 7(B).

**Conclusion**

For all of these reasons, we conclude that the trial court did not abuse its discretion in sentencing Howard and that Howard's nine and one-half year executed sentence is not inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

FRIEDLANDER, J., and PYLE, J., concur.