

FILED

Mar 12 2020, 10:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Daniel A. Moon
Daniel Moon Law Offices, LLC
Princeton, Indiana

Steven L. Whitehead
Steven Whitehead, Attorney at Law
Princeton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| David A. Tyrie,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | March 12, 2020<br><br>Court of Appeals Case No.<br>19A-CR-692<br><br>Appeal from the Gibson Circuit Court<br><br>The Honorable Jeffrey F. Meade, Judge<br><br>Trial Court Cause No.<br>26C01-1703-F4-220<br>26C01-1812-F4-1338 |

**May, Judge.**

[1]     In this interlocutory appeal, David A. Tyrie appeals the trial court's denial of his motion to dismiss the charges against him. He presents two issues for our review, one of which we find dispositive – whether the trial court abused its

discretion when it allowed the State to refile charges against Tyrie.[1] We affirm and remand.

# Facts and Procedural History

On March 7, 2017, the State charged Tyrie with Level 4 felony sexual misconduct with a minor[2] under cause number 26C01-1703-F4-220 ("Cause 220"), based on a report that he engaged in a sexual act with J.S., who was between the ages of fourteen and sixteen. The charging information alleged Tyrie committed the crime "on or about December 18, 2016[.]" (App. Vol. II at 17.) Police arrested Tyrie on March 10, 2017, and he appeared with counsel the same day for arraignment. The trial court set an omnibus date of May 22, 2017, and a pretrial conference for June 7, 2017. On Tyrie's motion, the pretrial conference was rescheduled for August 24, 2017.

At the pretrial conference, the trial court set a trial date of February 26-28, 2018, and scheduled a final pretrial conference for January 24, 2018. On August 29, 2017, Tyrie filed a notice of alibi. On October 7, 2017, the State filed an amended charging information, alleging Tyrie committed the crime "on

---

[1] Tyrie also challenges numerous trial court rulings in Cause 26C01-1703-F4-220. However, as the trial court dismissed that cause on January 30, 2019, those arguments are moot. *See Bell v. State*, 1 N.E.3d 190, 191 (Ind. Ct. App. 2013) (issue is moot when the appellate court is unable to provide effective relief on the issue); *see also Parrish v. State*, 459 N.E.2d 391, 393 n.1 (Ind. Ct. App. 1984) (argument regarding constitutionality of a statute moot because the charge governed by the statute was dismissed).

[2] Ind. Code § 35-42-4-9(a)(1) (2014).

or between November 1, 2016 and December 23, 2016[.]" (*Id*. at 22) (emphasis in original omitted).

[4] On February 20, 2018, six days prior to trial, the State filed a second amended charging information, alleging Tyrie committed the crime "on or between September 1, 2016 and December 31, 2016[.]" (*Id*. at 23) (emphasis in original omitted). On the same day, Tyrie filed an amended notice of alibi giving more details regarding his whereabouts on December 18, 2016, and a motion to continue his trial based on the State's second amended charging information. The trial court granted Tyrie's motion to continue and rescheduled the trial for April 9-11, 2018. On March 22, 2018, Tyrie filed a motion to continue the April trial date in order to conduct further discovery. The trial court granted his motion and rescheduled the trial for September 24-26, 2018.

[5] On August 20, 2018, Tyrie filed a "Motion for State to Elect Specific Act for Which State of Indiana Intends to Seek Conviction[.]" (*Id*. at 10.) On August 24, 2018, the trial court held a pretrial conference. On that date, the trial court scheduled a hearing on Tyrie's August 20 motion for September 25, 2018, and vacated the September trial dates. The trial court set Tyrie's trial for December 17-19, 2018, with a final pre-trial conference to be held on December 6, 2018.

[6] On September 25, 2018, the trial court held a hearing on Tyrie's motion. At that hearing, the State told the trial court:

> [T]he State doesn't dispute what [Tyrie] has said in his motion as
> far as what the State's required to do. We don't really dispute
> what he's argued this morning. I think the State's intention at

this point is to refile this under a new cause number. We'll make three separate counts. We're going to supplement the original affidavit. We won't be changing anything in it, but we will be supplementing the original affidavit.

And we will be asking the Court to then find probable cause based on that, which we would expect that would happen since probable cause was found originally. We're just going to – I think [Tyrie's] right. The word – I don't want to use the word sloppy, but that's the word that in my head, so I guess that's what I'll say. The charging information was less than on point, so we will try to tidy all that up and make specific allegations in each of the individual three counts.

(Tr. Vol. II at 5-6.) The trial court granted Tyrie's motion.

[7] On December 6, 2018, the State charged Tyrie with three counts of Level 4 felony sexual misconduct with a minor, alleging he committed those crimes "on or about October, 2016," "on or about November, 2016," and "on or about December, 2016," (App. Vol. II at 29-31), under cause number 26C01-1812-F4-1338 ("Cause 1338"). On the same day, the trial court held what should have been the final pre-trial hearing in Cause 220. At that hearing, the State and Tyrie informed the trial court of the new filing under Cause 1338. The State indicated it had not filed a probable cause affidavit in Cause 1338 and asked the trial court to set a probable cause hearing. Tyrie requested time to file "responsive documents" to the charging information under Cause 1338. (Tr. Vol. II at 14.) The trial court set a probable cause hearing for Cause 1338 for January 30, 2019.

On December 19, 2018, Tyrie filed a motion to dismiss the counts under Cause 1338. On January 30, 2019, the trial court did not hold a probable cause hearing. Instead it heard argument on Tyrie's motion to dismiss. During that hearing, the trial court denied Tyrie's motion to dismiss Cause 1338 and *sua sponte* dismissed Cause 220. Following the trial court's decision, Tyrie indicated he needed to "think about . . . whether or not this may be something that we may want to consider as interlocutory." (*Id.* at 23.)

On February 27, 2019, Tyrie filed a motion asking the trial court to certify its denial of his motion to dismiss in Cause 1338 for interlocutory appeal. The trial court certified the matter for interlocutory appeal, and we accepted jurisdiction on April 25, 2019.

# Discussion and Decision

"[W]e review a trial court's denial of a motion to dismiss for an abuse of discretion. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances or when the trial court has misinterpreted the law." *Haywood v. State*, 875 N.E.2d 770, 772 (Ind. Ct. App. 2007) (internal citations omitted). Tyrie argues that the trial court abused its discretion when it denied his motion to dismiss the charges in Cause 1338 because the State should not have been permitted to refile charges against him.

Tyrie relies on our Indiana Supreme Court's decision in *Davenport v. State*, 689 N.E.2d 1226 (Ind. 1997), *affirmed on reh'g* 696 N.E.2d 870 (Ind. 1998). In

*Davenport*, the State charged Davenport with murder on July 14, 1994, in Marion Superior Court, Criminal Division 5. *Id*. at 1228-9. On February 2, 1995, four days before Davenport's jury trial was to commence, the State filed a motion to amend the charging information to add charges of felony murder, attempted robbery, and auto theft. *Id*. at 1229. The trial court denied the State's motion.

[12] On February 6, 1995, the State dismissed the murder charge against Davenport and refiled it, along with the three other charges of felony murder, attempted robbery and auto theft. The State then transferred the case to Marion Superior Court, Criminal Division 1. *Id*. Davenport filed a motion to dismiss the new charges, which the trial court denied. The case went to a jury trial, Davenport was convicted on all counts, and sentenced to an aggregate sentence of eighty-eight years. *Id*. at 1228.

[13] Davenport appealed, arguing in part that the trial court erred when it denied his motion to dismiss because "it allowed the State to abuse its power to his prejudice." *Id*. at 1229. The court set forth the law concerning the dismissal and refiling of charging information:

> Under the authority of Ind. Code § 35-34-1-13, the prosecuting attorney may move for the dismissal of the information at any time prior to sentencing. Ind. Code § 35-34-1-13(a) (1993). So long as the motion states a reason for the dismissal, the trial court must grant the motion. *See* Ind. Code § 35-34-1-13(a); *Burdine v. State*, 515 N.E.2d 1085, 1089 (Ind. 1987).

The dismissal of an information under Ind. Code § 35-34-1-13 is not necessarily a bar to refiling. *See Joyner v. State*, 678 N.E.2d 386, 393 (Ind. 1997). Once an information has been dismissed by the State under Ind. Code § 35-34-1-13, the State may refile an information against the defendant, subject to certain restrictions. For example, Indiana courts have long held that the State may refile for the same offense so long as jeopardy has not already attached. *See Joyner*, 678 N.E.2d at 393; *Willoughby v. State*, 660 N.E.2d 570, 577 (Ind. 1996); *Burdine*, 515 N.E.2d at 1089-90; *Johnson v. State*, 252 Ind. 79, 246 N.E.2d 181, 184 (1969); *Winters v. State*, 200 Ind. 48, 50-51, 160 N.E. 294, 294-95 (1928). Indiana courts have also long held that the State's power to dismiss and refile may not be used to evade the defendant's speedy trial rights. *See Burdine*, 515 N.E.2d at 1090; *Maxey v. State*, 265 Ind. 244, 353 N.E.2d 457, 461 (1976); *Dennis v. State*, 412 N.E.2d 303, 304 (Ind. Ct. App. 1980).

The State may not refile if doing so will prejudice the substantial rights of the defendant. *See Joyner*, 678 N.E.2d at 394; *Willoughby*, 660 N.E.2d at 578; *Dennis*, 412 N.E.2d at 304. Speedy trial and jeopardy rights are two specific examples of substantial rights which cannot be prejudiced. While we have not specifically defined what a substantial right is in other contexts, it is relatively clear what situations do not necessarily prejudice a defendant's substantial rights. For example, the State does not necessarily prejudice a defendant's substantial rights if it dismisses the charge because it is not ready to prosecute and then refiles an information for the same offense. *See Johnson*, 246 N.E.2d at 183-84; *Dennis*, 412 N.E.2d at 304-05. Also, the State does not necessarily prejudice a defendant's substantial rights by dismissing an information in order to avoid an adverse evidentiary ruling and then refiling an information for the same offense. *See Joyner*, 678 N.E.2d at 392-94. Furthermore, the State does not necessarily prejudice a defendant's substantial rights when, on the refiled information, it amends the original information but charges the same offense. *See Willoughby*, 660

N.E.2d at 576-78; *Maxey*, 353 N.E.2d at 460-61. The defendant's substantial rights are not prejudiced in these situations primarily because the defendant can receive a fair trial on the same facts and employ the same defense in the second trial as in the first. *See Willoughby*, 660 N.E.2d at 578; *Maxey*, 353 N.E.2d at 461; *State v. Joyner*, 482 N.E.2d 1377, 1379 (Ind. Ct. App. 1985). Public policy favors the prosecution of persons accused of criminal offenses when a fair trial is available. *See Gregor v. State*, 646 N.E.2d 52, 54 (Ind. Ct. App. 1994).

*Id*. at 1229-30. Considering those factors, our Indiana Supreme Court held:

In the present case, the State received an adverse ruling in the original trial court on its motion to amend the information. As a result, defendant had to defend against one count of murder. In response, the State dismissed the case and filed a second information which contained four counts: the original murder count plus the felony murder, attempted robbery, and auto theft counts. Then, for no apparent reason other than because the State knew that the court had already ruled that the State could not include those additional three counts in the information, the State moved for and was granted transfer to a different court. By doing so, the State not only crossed over the boundary of fair play but also prejudiced the substantial rights of the defendant. Because of a sleight of hand, the State was able to escape the ruling of the original court and pursue the case on the charges the State had sought to add belatedly. This is significantly different than what has been permitted in the past. Therefore, the trial court erred in denying defendant's motion to dismiss the felony murder, attempted robbery, and auto theft charges. We reverse the convictions on those charges.

*Id*. at 1230. *Davenport* is distinguishable from the case at bar.

[14] Here, the State was permitted on October 7, 2017, and February 20, 2018, to amend its charging information to expand the possible dates on which the single charged crime allegedly occurred. Then at the September 25, 2018, hearing on Tyrie's motion to require the State to indicate the specific act with which he was charged, the State admitted the charging information was unclear, the prosecutor's handling of the case had been "sloppy[,]" and the State intended to refile the case with three separate charges to "tidy" the record. (Tr. Vol. II at 5-6). On December 6, 2018, under a separate cause number, the State refiled the original charge and filed two additional charges of Level 4 felony sexual misconduct with a minor. Both Cause 220 and Cause 1338 were filed in the same court with the same judge.

[15] The procedural posture in the case at bar is different. Unlike the defendant in *Davenport*, Tyrie has not gone to trial. Because Tyrie has brought an interlocutory appeal, the trial court has not yet set a trial date, so the refiling of charges has not prejudiced Tyrie's ability to defend himself against the original or additional charges. Additionally, the charges against Tyrie in Cause 1338 involve the same alleged victim and roughly the same time frame. Based thereon, we conclude the trial court did not abuse its discretion when it denied Tyrie's motion to dismiss the charges in Cause 1338. *See Hollowell v. State*, 773 N.E.2d 326, 331 (Ind. Ct. App. 2002) (affirming denial of Hollowell's motion to dismiss because State's refiling and addition of charges was not prompted by an adverse ruling and Hollowell was "not forced to discard his prior preparation for trial and begin all over with different charges, strategies, and defenses").

# Conclusion

[16] The trial court did not abuse its discretion when it denied Tyrie's motion to dismiss the charges under Cause 1338. Accordingly, we affirm and remand.

[17] Affirmed and remanded.

Crone, J., and Pyle, J., concur.