Lavelle MALONE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–9805–CR–250.

Court of Appeals of Indiana.

Dec. 10, 1998.

Ann M. Pfarr, Marion County Public Defender Agency, Indianapolis, for appellant-defendant.

Jeffrey A. Modisett, Attorney General, Rosemary Borek, Deputy Attorney General, Indianapolis, for appellee-plaintiff.

## OPINION

ROBB, Judge.

### Case Summary

Appellant–Defendant, Lavelle Malone ("Malone"), appeals the trial court's denial of his motion to dismiss. We affirm.

*Issue*

Malone raises one issue for our review which we restate as: whether the trial court properly denied his motion to dismiss where the State dismissed the original charge of criminal recklessness after the omnibus date and refiled the charge as attempted murder.

*Facts and Procedural History*

The facts most favorable to the judgment show that on the evening of June 19, 1996, gunshots were fired into the residence of Rose Songor ("Songor"), Malone's former girlfriend. The previous week, Malone had threatened to kill Songor if she broke off their relationship. On June 26, 1996, Malone was charged with the murder of Clifton Hollonquest, which also occurred on June 19, 1996. Malone was charged with Murder (count I) and Carrying a Handgun Without a License (count II), both relating to Hollonquest's death, and Intimidation (count III) and Criminal Recklessness (count IV), both relating to the shots fired into Songor's residence. In a separate information, the handgun count was charged as a class C felony (count V) due to Malone's alleged prior felony conviction. Malone was also charged with being an habitual offender. The omnibus date was set for August 14, 1996.

On September 22, 1996, Malone moved to have counts I and II ("Hollonquest charges") severed from counts III and IV ("Songor charges"), which the trial court granted. The State amended the information to include only counts I and II. On August 8, 1997, the State moved to dismiss counts III and IV, stating "State declines Prosecution." R. 62.

Malone's jury trial on the Hollonquest charges began on August 11, 1997. On August 12, 1997, the State charged Malone with Attempted Murder and Intimidation ("refiled Songor charges") in place of the dismissed Songor charges. Malone was found guilty on the Hollonquest charges on August 14, 1997 and was found to be an habitual offender.[1] On August 29, 1997, Malone was charged with being an habitual offender regarding the refiled Songor charges. The omnibus date was set for October 28, 1997. R. S3.

On March 2, 1998, Malone filed a motion to dismiss the Attempted Murder charge, alleging a violation of Ind.Code § 35–34–1–5(b), which motion was denied. The trial court certified the order for interlocutory appeal and stayed further proceedings. We accepted jurisdiction of the appeal.

*Discussion and Decision*

 A prosecuting attorney is authorized to obtain a dismissal at any time before sentencing, and the granting of such a motion does not of itself bar a subsequent trial of the defendant for the same offense. Ind. Code § 35–34–1–13; *Joyner v. State,* 678 N.E.2d 386, 393 (Ind.1997). Absent the attachment of jeopardy, the State's dismissal of criminal charges does not preclude it from refiling and prosecuting a charge for the identical offense. *Id.* A trial court has no discretion to deny such a motion to dismiss. *Id.*

 The State may not refile if doing so will prejudice the substantial rights of the defendant. *Davenport v. State,* 689 N.E.2d 1226, 1229 (Ind.1997), *reh'g granted in part* 696 N.E.2d 870 (Ind.1998). The State does not necessarily prejudice a defendant's substantial rights when, on the refiled information, it amends the original information but charges the same offense. *Id.* The defendant's substantial rights are not prejudiced in this situation primarily because the defendant can receive a fair trial on the same facts and employ the same defense in the second trial as in the first. *Id.* The State is "entitled to amend charges, even as to theory and identity ... when it can be done without prejudicing the substantial rights of the accused." *State v. Gullion,* 546 N.E.2d 121, 123 (Ind.Ct.App.1989) (holding that State was permitted to amend information to add count of murder) (quoting *Trotter v. State,* 429 N.E.2d 637, 640–41 (Ind.1981)).

 Malone argues that the trial court erred in denying his motion to dismiss in contravention of Ind.Code § 35–34–1–5.[2] He contends that the State's dismissal and refiling was an attempt to avoid the operation of

---

**1.** *See Malone v. State,* 700 N.E.2d 780 (Ind.1998).

**2.** Malone does not argue that the Intimidation charge should be dismissed.

the statute. Ind.Code Section 35–34–1–5(b) states, in part:

> The indictment or information may be amended in matters of substance or form, and the names of material witnesses may be added, by the prosecuting attorney, upon giving written notice to the defendant, at any time up to: (1) thirty (30) days if the defendant is charged with a felony ... before the omnibus date.

In his Appellant's Brief, Malone seems to admit that the State did not actually amend the information, but sought to avoid amending by dismissing and refiling. This being the case, the operation of Ind.Code § 35–34–5–1 is not implicated.[3] *See Willoughby v. State,* 660 N.E.2d 570, 577 (Ind.1996).

■ Malone also argues that his substantial rights were violated when the State dismissed the Criminal Recklessness charge and refiled it as Attempted Murder. He contends that the State sought to avoid an adverse ruling, which he asserts the State would have received had it attempted to amend the information to add the Attempted Murder charge. Malone cites *Davenport* in support of this contention. In *Davenport,* however, our supreme court found that the State's dismissal and refiling was an attempt to avoid an adverse ruling it had already received in the original trial court when it attempted to amend the information. *Davenport,* 689 N.E.2d at 1230. Unlike in *Davenport,* the State here received no adverse ruling. The State was not seeking to "escape the ruling of the original court." *Id.; see also Beason v. State,* 690 N.E.2d 277, 280 n. 9 (Ind.1998) ("the prosecutor here used none of the powers or authority of that office to circumvent any court order or to prejudice the substantial rights of the defendant.").

Malone also argues that permitting the State to refile the Attempted Murder charge substantially prejudices him because the new charge is a class A felony, whereas the Criminal Recklessness was a class D felony. Malone only contends that he faced more severe charges, not that he was deprived of a fair trial. We note that the State refiled the

Songor charges on August 12, 1997 and that Malone's trial date was originally set for November 24, 1997. On November 19, 1997, Malone requested a continuance, and the trial date was vacated and reset for March 23, 1998. Malone filed his motion to dismiss on March 2, 1998, which was denied at a hearing held on March 18, 1998. Malone then requested a continuance, and the trial date was again vacated and reset for July 13, 1998. The trial court subsequently certified the order for interlocutory appeal.

Malone's trial date was eventually reset to eleven months after he was charged with Attempted Murder; thus, he cannot say he did not have "adequate time to prepare a defense." *Kalady v. State,* 462 N.E.2d 1299, 1305 (Ind.1984). Malone was not required "to prepare anew on the eve of trial." *Davenport,* 696 N.E.2d at 871. Nor was he forced "to discard his prior preparation for trial and begin anew on a trial with different charges, strategies, and defenses." *Id.* Because Malone cannot say he was deprived of a fair trial, we conclude that Malone's rights were not substantially prejudiced by the State's dismissal and refiling of the Songor charges.[4]

Moreover, Malone would be able to employ substantially the same theories of defense on the Attempted Murder charge as he would have on the combined Intimidation and Criminal Recklessness charges. Malone originally faced a charge of Criminal Recklessness for "fir[ing] said handgun at and into said residence," r. 52 (uppercase in original), as well as a charge of Intimidation for "threaten[ing] to kill" Rose Songor. *Id.* As refiled the Attempted Murder charge listed the same conduct as the Criminal Recklessness charge: "shooting at and into [Songor's] residence," *id.,* but with the added element of "with intent to kill" Rose Songor. R. S32. The refiled Intimidation charge alleged that Malone "told Rose Songor that he would 'blow her head off' ... [for] having terminated her relationship with Lavelle Malone." *Id.* The facts and relevant witnesses would

---

3. As pointed out above, the omnibus date for the refiled charges was set for October 28, 1997.

4. Malone does not raise an issue as to whether his rights to a speedy trial were violated, and we

express no opinion on this question. *See Burdine v. State,* 515 N.E.2d 1085, 1090 (Ind.1987) (dismissal and refiling of same charge does *not* toll the one-year period within which defendant must be brought to trial under Criminal Rule 4(C)).

be substantially similar to those involved in the original charges. *See Jones v. State*, 701 N.E.2d 863, 870 (Ind.Ct.App. 1998) (holding that defendant's rights were not substantially prejudiced when State dismissed two Neglect of a Dependant charges and refiled one Murder charge and one Neglect of a Dependent charge three and one-half weeks before trial).

We hold that the trial court did not err in denying Malone's motion to dismiss the charge of Attempted Murder.

Affirmed.

KIRSCH and STATON, JJ., concur.