**Henry JOHNSON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 49S05–0008–CR–506.

Supreme Court of Indiana.

Jan. 3, 2001.

Patricia Caress McMath, Indianapolis, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

SHEPARD, Chief Justice.

This interlocutory appeal arose when a prosecutor missed a deadline for notifying the defendant of the State's intent to use Indiana Rule 404(b) evidence in a molestation case. The trial court excluded the evidence, then dismissed the charge at the State's request, over the defendant's objection. Nine days later, the prosecutor refiled the original sexual misconduct charge along with ten additional charges that partially encompassed the evidence the court had excluded. The Court of Appeals held that the refiling was proper. *Johnson v. State*, 732 N.E.2d 259 (Ind.Ct.App.2000).

Under the facts of this case, we conclude the trial court abused its discretion by allowing the prosecutor to dismiss and refile as a tactic to circumvent a proper evidentiary ruling, and to punish the defendant for exercising his procedural rights by piling on additional charges. Accordingly, we reverse and remand.

### Facts and Procedural History

Defendant Johnson worked as an adolescent guidance specialist in alcohol and drug treatment at Fairbanks Hospital. On or about February 10, 1998, Johnson allegedly had sexual intercourse with a sixteen-year-old detainee during routine room checks. On August 26, 1998, the State charged Johnson with sexual misconduct, a class D felony.

On September 9, 1998, the trial court entered an initial hearing discovery order requiring the State to give thirty days notice of intent to present any evidence of prior misconduct under Rule 404(b).[1] The State gave such notice on April 23, 1999,

---

1. Indiana Rule of Evidence 404(b) states:

    Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pre-trial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

when it filed its final witness and exhibit list, including as witnesses four other female Fairbanks Hospital patients. Although the State had listed all four as potential witnesses in the original charging document, Johnson filed a motion in limine on April 26, 1999, asserting that the State had failed to give formal 404(b) notice disclosing the nature of the testimony to be offered by these witnesses.

The trial court granted the motion in limine and excluded the 404(b) evidence. The prosecutor responded with a motion to dismiss the charge, which the court also granted. Johnson immediately objected in writing, stating that he was ready to proceed to trial and arguing that, based upon the State's declared intent to refile the case, the dismissal should be with prejudice.[2]

On May 5, 1999, the State refiled the original charge and added ten more counts: rape and criminal deviate conduct related to the original victim; rape, criminal deviate conduct, sexual misconduct, criminal confinement and intimidation related to one excluded witness; battery and sexual battery of another excluded witness; and attempted promotion of prostitution of both excluded witnesses. Johnson moved for dismissal of all charges, the trial court denied the motion, and this appeal ensued.

### Refiling as a Tactic

This Court discussed dismissal and refiling of charges as a prosecutorial tactic in *Davenport v. State*, 689 N.E.2d 1226 (Ind. 1997), *modified on reh'g*, 696 N.E.2d 870 (Ind.1998). In *Davenport*, the State originally charged a defendant with murder.

689 N.E.2d at 1229, 696 N.E.2d at 871. Four days before trial, the State sought to add charges of felony murder, attempted robbery, and auto theft. The prosecutor requested dismissal after he was denied permission to amend the information, and immediately refiled all four charges. *Id.*

This Court held that "[w]hile courts have allowed the State significant latitude in filing a second information, the State cannot go so far as to abuse its power and prejudice a defendant's substantial rights." 689 N.E.2d at 1230.[3] The Court in *Davenport* reversed the convictions on the three additional charges, restoring the defendant to his position prior to the prosecutor's efforts to avoid the court's ruling. 689 N.E.2d at 1233, 696 N.E.2d at 872.

The Indiana Court of Appeals applied the principles articulated in *Davenport* in the factually similar case of *State v. Klein*, 702 N.E.2d 771 (Ind.Ct.App.1998). In *Klein*, the defendant faced four separate charges related to an alleged sexual assault. *Id.* at 772. Less than three weeks before trial, the court denied as untimely the State's motion to add a charge of attempted murder. The State dismissed the original charges and refiled all four plus attempted murder. *Id.* The trial court dismissed all five charges with prejudice upon the defendant's motion, as an attempt to evade the court's denial of the motion to amend. *Id.* at 772–73. The Court of Appeals, correctly recognizing that the dispositive fact in *Davenport* was an abuse of prosecutorial discretion in circumventing a court order and prejudicing the defendant's substantial rights, limited

---

2. Under Ind.Code § 35–34–1–13(a), a prosecuting attorney may move for dismissal of the information at any time prior to sentencing. The trial court must grant the motion so long as it states a reason for the dismissal. *Davenport v. State*, 689 N.E.2d 1226, 1229 (Ind. 1997) (citing *Burdine v. State*, 515 N.E.2d 1085, 1089 (Ind.1987)). Johnson does not challenge the dismissal, but argues that it should have been with prejudice, to foreclose refiling of the charge. (Appellant's Br. at 6.)

3. The *Davenport* opinion notes that "the State does not *necessarily* prejudice a defendant's substantial rights by dismissing an information in order to avoid an adverse evidentiary ruling and then refiling an information for the same offense." 689 N.E.2d at 1229 (emphasis added). The question of substantial prejudice is a fact-sensitive inquiry, not readily amenable to bright-line rules.

the State to its original charges.[4] *Id.* at 776.

Although this case arose from the exclusion of evidence rather than denial of permission to add charges, the reasoning of *Davenport* and *Klein* is pertinent. In each case, the State sought to take some action (i.e., to add charges or to offer evidence of other acts of misconduct) that would require the defendant to revise his defense strategy at the eleventh hour. In each case, the trial court concluded that the State did not have a good reason for the delay or lack of notice. In each case, the court properly forbade the action as taken too late. In each case, the prosecutor sought to dodge the adverse ruling via dismissal and refiling.

The equities weigh even more heavily in Johnson's favor than in either *Davenport* or *Klein.* By refiling, the State attempted not only to evade the court's ruling and get a second shot at offering 404(b) evidence, but also to subject Johnson to ten additional charges.

If the State may circumvent an adverse evidentiary ruling by simply dismissing and refiling the original charge, and also "punish" the defendant for a successful procedural challenge by piling on additional charges, defendants will as a practical matter be unable to avail themselves of legitimate procedural rights.

Here, no new evidence was discovered between the dismissal and refiling. No elements of the additional charged crimes were completed during that interim. No honest mistake or oversight occurred in the original decision to prosecute. *See Cherry v. State,* 275 Ind. 14, 20, 414 N.E.2d 301, 305 (1981).

Based on the circumstances presented, we conclude that the State exceeded the boundaries of fair play. The prosecutor impermissibly impinged the defendant's exercise of his substantial procedural rights by dismissing and refiling to evade an adverse trial court ruling and, in the process, piling on additional charges that were unjustified by changed circumstances. Therefore, the trial court abused its discretion when it denied in total Johnson's motion to dismiss the eleven-count information.

### The Remedy

As a matter of equity, the proper remedy is to restore the defendant to something like the status quo ante. The State may proceed on the original count of sexual misconduct under the trial court's original ruling excluding the Rule 404(b) evidence.[5] Or, the State may forego the original charge and pursue another charge carrying a similar potential penalty, with the opportunity to offer Rule 404(b) evidence if timely notice is given and the trial court rules favorably on admissibility.

### Conclusion

We reverse the trial court's denial of Johnson's motion for dismissal, and remand for an election by the State about how it wishes to proceed.

DICKSON, BOEHM, and RUCKER, JJ., concur.

SULLIVAN, J., dissenting, would deny transfer.

---

4. Some of the original charges were also deemed properly dismissed, on other grounds. *Klein,* 702 N.E.2d at 777 n. 6.

5. Because the defendant's motion for exclusion was in limine, we observe that as the trial unfolds, certain events (for example, testimony by the defendant putting his own character at issue) could require the trial court to revisit the admissibility of the evidence.