Anthony HOLLOWELL, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0111–CR–769.

Court of Appeals of Indiana.

Aug. 16, 2002.

Aaron E. Haith, Marion County Public Defender, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Following a jury trial, Anthony Hollowell was convicted of Escape, as a Class C felony, and Resisting Law Enforcement, as a Class A misdemeanor. The trial court sentenced Hollowell to concurrent executed terms of six years and one year, respectively. Hollowell appeals his convictions and raises the following restated issues for our review:

1.  Whether the State presented sufficient evidence to support the Escape conviction.

2.  Whether the trial court erred when it denied Hollowell's motion to dismiss.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In August 1998, Deputies John Breedlove and Garth Schwomeyer of the Marion County Sheriff's Department attempted to execute an arrest warrant for Hollowell at a 38th Street apartment in Indianapolis. Deputy Schwomeyer knocked on the apartment door, and Christopher Hill answered. Hill said that Hollowell was not there, and that he was alone in the apartment. Hill did not reside at the apartment, so the deputies told Hill that he was free to go. As Hill exited, he left the front door ajar, so the deputies reported it to the apartment complex's security officer. Out of concern for her safety, the security officer asked the officers to accompany her as she checked the apartment and secured the door. When the trio entered the apartment, they announced their presence. At that point, Hollowell emerged from a bedroom with his hands in the air. The deputies ordered Hollowell to the ground and placed him in flex cuffs. Deputy Schwomeyer told Hollowell that he was under arrest, helped him off the floor, and escorted him outside to the patrol car. As Deputy Schwomeyer was opening the door, Hollowell pushed the deputy into the car, ran around the back of the car, and headed away from the scene. Deputy Breedlove, who had since departed, learned of Hollowell's escape from the radio dispatcher and returned with a police canine to track Hollowell. But after searching for about an hour, the deputies gave up.

Police later arrested Hollowell, and the State charged him with Battery, as a Class D felony, and Resisting Law Enforcement, as a Class A misdemeanor. But the State had to voluntarily dismiss the charges the day of trial because an essential police witness failed to appear. Based on the same facts and probable cause affidavit, the State refiled and enhanced the charges to include Battery, two counts of Resisting Law Enforcement and Escape, as a Class C felony. Hollowell moved to dismiss the enhanced charges, arguing prosecutorial vindictiveness. But the trial court denied that motion. A jury found Hollowell guilty of Escape and the two counts of Resisting Law Enforcement and not guilty of Battery. The trial court merged one of the Resisting Law Enforcement convictions with the Escape conviction and sentenced Hollowell to concurrent executed terms of six years and one year, respectively. This appeal followed.

## DISCUSSION AND DECISION

### Sufficiency of the Evidence

Hollowell first contends that the State presented insufficient evidence to support his Escape conviction. We must disagree.

■ When reviewing the sufficiency of the evidence, we neither reweigh the evidence nor determine the credibility of witnesses. *Fish v. State*, 710 N.E.2d 183, 184 (Ind.1999). Instead, we look to the evidence most favorable to the State and all of the reasonable inferences to be drawn from that evidence. *Bartlett v. State*, 711 N.E.2d 497, 499 (Ind.1999). A conviction will be affirmed if the probative evidence and reasonable inferences to be drawn from that evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Fish*, 710 N.E.2d at 184.

■ To convict Hollowell of Escape, the State was required to prove beyond a reasonable doubt that Hollowell intentionally fled from lawful detention. *See* Ind.Code Section 35–44–3–5(a). Hollowell admits that he intentionally fled from police, but argues that he was not under "lawful detention." Rather, Hollowell argues, as he testified at trial, that he was being taken

downtown purely for identification purposes. In this regard, Hollowell asks us to reweigh the evidence and assess the credibility of witnesses, tasks not within our prerogative on appeal.

Regardless, there was overwhelming evidence that Hollowell was subject to lawful detention. Deputy Schwomeyer testified that he explained to Hollowell that he was under arrest and the nature of the charges against him and led him out of the apartment in handcuffs. In addition, Deputy Schwomeyer confirmed Hollowell's birthday and social security number before they left the apartment. Also, Hollowell's height, weight, and tattoos matched those listed in the arrest warrant. And both deputies had seen a picture of Hollowell at the pre-warrant meeting and the apartment complex's office before attempting to execute the arrest warrant. Thus, there would have been no need to transport Hollowell to the police station purely for "identification" purposes as Hollowell contends.

■■■ Hollowell also attacks the sufficiency of the State's evidence by invoking the incredible dubiosity rule. Under the "incredible dubiosity" rule, a court will impinge upon the jury's responsibility to judge witness credibility only when confronted with inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity. *Id.* If a *sole witness* presents inherently improbable testimony and there is a complete lack of circumstantial evidence, a defendant's conviction may be reversed. *Dillard v. State*, 755 N.E.2d

1085, 1089 (Ind.2001). Application of this rule is rare, and the standard to be applied is whether " 'the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it.' " *Stephenson v. State*, 742 N.E.2d 463, 498 (Ind.2001) (citation omitted).

■■■ The incredible dubiosity rule does not apply in this case because more than one witness testified for the State. Both Deputies Breedlove and Schwomeyer testified about their encounter with Hollowell. That fact notwithstanding, Hollowell contends that the officers' testimony that he outmaneuvered them and ultimately escaped on foot while in handcuffs is inherently improbable. However, Deputy Schwomeyer testified that he had to chase Hollowell while wearing about twenty-five pounds of gear. And Deputy Breedlove testified that the conditions were poor for tracking Hollowell with a canine because there were numerous distractions in the area, including several people and heavy foot traffic. We do not consider it inherently improbable that Hollowell, fleeing for his freedom at the time, might have eluded capture under these circumstances.[1] There was sufficient evidence to support Hollowell's conviction.

### Motion to Dismiss

Hollowell next contends that the trial court erred when it denied his motion to dismiss the State's refiled information. Specifically, Hollowell asserts that the enhanced charges in the second information were the product of "prosecutorial vindic-

---

1. Hollowell also contends that the arrest warrant was invalid. It is true that the State never produced a paper copy of the warrant. However, the State introduced an excerpt from the Chronological Case Summary, which clearly indicates that the judge found probable cause existed and issued an arrest warrant for Hollowell. While Hollowell ar-

gues that was insufficient, Indiana Rule of Evidence 1005 states that if a copy of an original public record "cannot be obtained by the exercise of reasonable diligence, other evidence of the contents may be admitted." Here, the State submitted the CCS entry instead of a copy of the actual warrant, which satisfies this evidentiary requirement.

tiveness [that] crossed the boundaries of fair play." We do not agree.

At trial, Hollowell bore the burden of proving all facts necessary to his motion to dismiss. *Griffin v. State,* 756 N.E.2d 572, 574 (Ind.Ct.App.2001), *trans. denied.* As such, Hollowell now appeals from a negative judgment. *Id.* We will reverse a negative judgment only if the evidence is without conflict and leads inescapably to the conclusion that Hollowell is entitled to a dismissal. *Id.*

■ The State is authorized to obtain a dismissal at any time before sentencing, and the granting of such a motion does not of itself bar a subsequent trial of the defendant for the same offense. Ind. Code § 35–34–1–13(a); *Malone v. State,* 702 N.E.2d 1102, 1103 (Ind.App.1998), *trans. denied.* Absent the attachment of jeopardy, or impinging on a defendant's right to a speedy trial, the State's dismissal of criminal charges does not preclude it from refiling and prosecuting a charge for the identical offense. *Id.; Davenport v. State,* 689 N.E.2d 1226, 1229 (Ind.1997). The State may not refile, however, if doing so will prejudice the substantial rights of the defendant. *Davenport,* 689 N.E.2d at 1229. The State does not necessarily prejudice a defendant's substantial rights when, on the refiled information, it amends the original information but charges the same offenses. *Malone,* 702 N.E.2d at 1103. The State is entitled to amend charges, even as to theory and identity, if it can be done without prejudicing the substantial rights of the accused. *Id.; State v. Gullion,* 546 N.E.2d 121, 123 (Ind. Ct.App.1989) (holding State could amend information to add murder count).[2] The defendant's substantial rights are not prejudiced in these situations primarily because he can receive a fair trial on the same facts and employ the same defense in the second trial as in the first. *Davenport,* 689 N.E.2d at 1229. Public policy favors the prosecution of persons accused of criminal offenses when a fair trial is available. *Id.* at 1230.

■ Here, the State originally charged Hollowell with Battery and Resisting Law Enforcement. But it dismissed the charges the day of trial because an essential police witness was not present. At the same time, the State had charged Hollowell in a separate case[3] in a different court with Criminal Confinement, Pointing a Firearm, and Battery. The State offered not to refile the information in this case if Hollowell pleaded guilty to Criminal Confinement in the separate case. If Hollowell declined, the State would refile the dismissed case and add the Escape count, a count it maintained it had erroneously excluded originally, along with a second count of Resisting Law Enforcement. Hollowell declined the plea bargain. So, relying on the same facts and probable cause affidavit, the State refiled the charges in this case, •adding the Escape and Resisting Law Enforcement counts.

In arguing that the State's conduct amounts to prosecutorial vindictiveness,

---

**2.** In *Davenport,* 689 N.E.2d at 1229, our supreme court stated that "the State does not necessarily prejudice a defendant's substantial rights by dismissing an information in order to avoid an adverse evidentiary ruling and then refiling an information for the same offense." But subsequently, in *Johnson v. State,* 740 N.E.2d 118, 120 (Ind.2001), the supreme court omitted this standard from its discussion of permissible State refiling tactics.

It acknowledged the *Davenport* statement in a footnote, but then seemingly disapproved of its use, declaring "the question of substantial prejudice is a fact-sensitive inquiry, not readily amenable to bright-line rules."

**3.** It is unclear from the appendix and transcript whether these charges were based on the same or an entirely different set of factual circumstances than the one involved in the instant appeal.

Hollowell relies on *Davenport* and *Johnson v. State*, 740 N.E.2d 118 (Ind.2001). But those cases are inapposite. In *Davenport*, the trial court denied the State's motion to add additional counts to the information four days prior to trial. Therefore, the State dismissed the entire information and refiled it incorporating the counts that the trial court had previously refused to let them add, which included felony murder, attempted robbery, and auto theft. The State then moved for and was granted a transfer to a different court. The supreme court held that the State "had not only crossed over the boundary of fair play but also prejudiced the substantial rights of the defendant. Because of a sleight of hand, the State was able to escape the ruling of the original court and pursue the case on the charges the State had sought to add belatedly." *Davenport*, 689 N.E.2d at 1230.

■ Similarly, in *Johnson* the State dismissed its information for Sexual Misconduct after Johnson successfully moved prior to trial to exclude Trial Rule 404(b) evidence. The State responded by refiling the original charge and adding ten more counts. In rejecting the State's attempt to enhance the charges, the supreme court held that "the State attempted not only to evade the court's ruling and get a second shot at offering 404(b) evidence, but also to subject Johnson to ten additional charges." *Johnson*, 740 N.E.2d at 121. "[I]f the State may circumvent an adverse evidentiary ruling by simply dismissing and refiling the original charge, and also 'punish' the defendant for a successful procedural challenge by piling on additional charges, defendants will as a practical matter be unable to avail themselves of legitimate procedural rights." *Id.* The court recognized that, as in *Davenport*, the dispositive fact was an abuse of prosecutorial discretion in circumventing a court order and prejudicing the defendant's substantial rights. *Id.*

The circumstances here are very different. When the State dismissed the charges against Hollowell, it was not trying to circumvent an adverse ruling from the trial court. The trial court had not made any ruling that was adverse to the State. Nor was the State trying to punish Hollowell by piling on numerous additional charges. Rather, Hollowell learned during plea negotiations that the State had erred by not including the Escape count and that the State would refile and add the Escape count if Hollowell chose to decline the plea agreement. *See Johnson*, 740 N.E.2d at 121 (suggesting that honest mistake or oversight in the original decision to prosecute would excuse refiling different counts). In addition, the State refiled the information on March 12, 2001. The trial commenced nearly seven months later on October 4, 2001. Thus, Hollowell had adequate time to prepare a defense and was not forced to prepare anew on the eve of trial. *See Malone*, 702 N.E.2d at 1104. Also, the two additional counts, one of which (Resisting Law Enforcement) was charged in the original information, were based on the same facts and same probable cause affidavit. So Hollowell was not forced to discard his prior preparation for trial and begin all over with different charges, strategies, and defenses. *See id.* Taken together, these facts do not demonstrate that the State prejudiced Hollowell's substantial rights when it refiled and added the Escape and Resisting Law Enforcement counts. The trial court did not err when it denied Hollowell's motion to dismiss those additional counts.

Affirmed.

SHARPNACK, J. and
FRIEDLANDER, J. concur.