# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**JOHN (JACK) F. CRAWFORD**
Crawford & Devane
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

FILED

May 10 2013, 9:16 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DWIGHT L. COBBS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1207-CR-380 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven R. Eichholtz, Judge
Cause No. 49G20-1108-FA-56319

**May 10, 2013**

**OPINION - FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Dwight Cobbs appeals his conviction for Class B felony dealing in cocaine. We affirm.

## Issue

Cobbs raises one issue, which we restate as whether the trial court properly admitted the testimony of a confidential informant.

## Facts

After Cobbs sold cocaine to a confidential informant inside of a Kroger supermarket in Indianapolis during a recorded, controlled buy on July 15, 2010, the State charged Cobbs with Class A felony dealing in cocaine and Class B felony possession of cocaine. After a dispute regarding the deposition of the confidential informant, Cobbs filed a motion to exclude the confidential informant's testimony. On June 1, 2011, the trial court granted Cobbs's motion.

At the beginning of the August 9, 2011 trial, the deputy prosecutor informed the trial court that the police officer who had stopped Cobbs after the controlled buy and recovered the marked buy money was out of the state. The deputy prosecutor stated: "Knowing this Court's policy on continuances, we're just going to dismiss this case. However, we are going to re-file it and make sure that we have all our witnesses when we are ready to go next time." August 9, 2011 Trial Tr. p. 16-17. The trial court dismissed the charges without prejudice. Cobbs's counsel stated, "we'd ask for dismissal with prejudice, but we understand." Id. at 17.

2

The State then refiled the charges against Cobbs. The new charges included the original charges plus a charge of Class A felony conspiracy to commit dealing in cocaine. The refiled charges were heard before a different trial court judge. Cobbs filed a motion to dismiss the conspiracy charge because, according to Cobbs, "a purchaser of drugs cannot be considered to be conspiring with another individual to deal drugs." Appellant's App. p. 47. The State then moved to dismiss the conspiracy count, which the trial court granted.

Cobbs also filed a motion to exclude the audio recording of the controlled buy and recordings of jail calls. The State then requested that the trial court reconsider the exclusion of the confidential informant's testimony. The State conceded that, under the law of the case, the confidential informant's testimony would be excluded in the present case. However, the State pointed out that the audio/video recordings of the controlled buy were not excluded by the original trial court. The State then asked, based on Cobbs's new request regarding the recordings, that the new trial court reconsider the initial exclusion of the confidential informant's testimony. Cobbs argued that he was not attempting to relitigate any issues and that the original trial court did not address the recordings.

After a hearing, the new trial court judge found that the confidential informant's testimony was improperly excluded. The trial court noted that there was no finding of misconduct by the State and there was insufficient evidence of "intentional conduct by the State to keep the witness out." Tr. p. 9. Consequently, the trial court ruled that the confidential informant could testify at the trial.

3

Cobbs then filed another motion to exclude the testimony of the confidential informant. Relying on <u>Davenport v. State</u>, 689 N.E.2d 1226 (Ind. 1997), <u>reh'g granted in part</u>, 696 N.E.2d 870 (Ind. 1998), and <u>Johnson v. State</u>, 740 N.E.2d 118 (Ind. 2001), Cobbs argued that his substantial rights had been violated. According to Cobbs, the State refiled the charges to avoid an adverse evidentiary ruling, and the State "waited until the last minute" to try to relitigate the exclusion of the confidential informant's testimony. App. p. 66. Cobbs again requested that the trial court exclude the testimony of the confidential informant, the audio/video recording of the controlled buy, and "any statements of others derived from the informant." <u>Id.</u> at 67. The trial court again denied Cobbs's motion to exclude this evidence. The trial court also denied Cobbs's motion for certification for interlocutory appeal.

At the start of Cobbs's bench trial, the State moved to amend the charges to Class B felony dealing in cocaine and Class D felony possession of cocaine, which the trial court allowed. The trial court found Cobbs guilty as charged. Due to double jeopardy concerns, the trial court did not enter judgment of conviction on the Class D felony charge. On the B felony conviction, the trial court sentenced Cobbs to fourteen years in the Department of Correction.

**Analysis**

Cobbs argues that the trial court abused its discretion when it admitted the testimony of the confidential informant. We afford the trial court wide discretion in ruling on the admissibility of evidence. <u>Nicholson v. State</u>, 963 N.E.2d 1096, 1099 (Ind. 2012). We review evidentiary decisions for abuse of discretion and reverse only when

the decision is clearly against the logic and effect of the facts and circumstances.  Id. "An error is harmless if its probable impact on the [trier of fact], in light of all of the evidence in the case, is sufficiently minor so as not to affect a party's substantial rights." Brown v. State, 770 N.E.2d 275, 280 (Ind. 2002).

Cobbs argues that the trial court erred by admitting the testimony of the confidential informant because the testimony had been excluded by a previous court and the State dismissed and refiled the charges.  Cobbs makes no argument regarding the audio/video recording of the controlled buy.  Cobbs asks that we vacate his conviction and remand for the State to retry him without the testimony of the confidential informant or to dismiss all charges against him.

Pursuant to Indiana Code Section 35-34-1-13, the prosecuting attorney may move for the dismissal of charges at any time prior to sentencing.  As long as the State gives a reason for the dismissal, the trial court must grant the motion.  Davenport v. State, 689 N.E.2d 1226, 1229 (Ind. 1997), reh'g granted in part, 696 N.E.2d 870 (Ind. 1998).  The dismissal of an information under Indiana Code Section 35-34-1-13 is not necessarily a bar to refilling.  Id.  The State may refile an information against the defendant subject to certain restrictions.  For example, the State may not dismiss and refile if jeopardy has already attached or to "evade the defendant's speedy trial rights."  Id.

Further, "[t]he State may not refile if doing so will prejudice the substantial rights of the defendant."  Id.  "While we have not specifically defined what a substantial right is in other contexts, it is relatively clear what situations do not necessarily prejudice a defendant's substantial rights."  Id.  Those situations include the following: 1) where the

5

State dismisses a charge because it is not ready to prosecute and then refiles an information for the same offense; 2) where the State dismisses an information in order to avoid an adverse evidentiary ruling and then refiles an information for the same offense; and 3) where the State dismisses a charge and refiles an amended information charging the same offense. Id. "The defendant's substantial rights are not prejudiced in these situations primarily because the defendant can receive a fair trial on the same facts and employ the same defense in the second trial as in the first." Id. "Public policy favors the prosecution of persons accused of criminal offenses when a fair trial is available." Id. at 1230.

In Davenport, the defendant was charged with murder and, four days before trial, the State attempted to amend the charging information by adding charges of felony murder, attempted robbery, and auto theft. The trial court denied the motion, and the State dismissed the murder charge. The State then refiled the murder charge along with the other proposed charges. The defendant moved to dismiss the additional charges, but the trial court denied the motion.

Our supreme court noted that, after receiving an adverse ruling on its motion to amend, the State had dismissed and refiled the information with the additional charges. The State had also moved for and was granted transfer to a different court. "By doing so, the State not only crossed over the boundary of fair play but also prejudiced the substantial rights of the defendant." Id. "Because of a sleight of hand, the State was able to escape the ruling of the original court and pursue the case on the charges the State had sought to add belatedly." Id. The court noted that "[t]his [was] significantly different

6

than what ha[d] been permitted in the past." Id. The court concluded that the trial court erred by denying the defendant's motion to dismiss the felony murder, attempted robbery, and auto theft charges. Consequently, the court reversed the convictions on those charges.

Our supreme court addressed a similar issue in Johnson v. State, 740 N.E.2d 118 (Ind. 2001). There, the defendant was charged with sexual misconduct with a minor, and the trial court granted a motion in limine, excluding certain Rule 404(b) evidence. In response, the State filed a motion to dismiss, which the trial court granted. The State then refiled the information and added ten more charges. The defendant moved to dismiss all of the charges, and the trial court denied the motion.

Our supreme court noted that: "If the State may circumvent an adverse evidentiary ruling by simply dismissing and refiling the original charge, and also 'punish' the defendant for a successful procedural challenge by piling on additional charges, defendants will as a practical matter be unable to avail themselves of legitimate procedural rights." Johnson, 740 N.E.2d at 121. The court also noted that no new evidence was discovered between the dismissal and refiling. The court concluded that "the State exceeded the boundaries of fair play." Id. "The prosecutor impermissibly impinged the defendant's exercise of his substantial procedural rights by dismissing and refiling to evade an adverse trial court ruling and, in the process, piling on additional charges that were unjustified by changed circumstances." Id. The court concluded that the proper remedy was "to restore the defendant to something like the status quo ante." Id. It determined that the State could proceed with the original charge of sexual

7

misconduct excluding the 404(b) evidence, or the State could "forego the original charge and pursue another charge carrying a similar potential penalty, with the opportunity to offer Rule 404(b) evidence if timely notice is given and the trial court rules favorably on admissibility." Id.

Despite Cobbs's arguments, we conclude that this case is more like Hollowell v. State, 773 N.E.2d 326 (Ind. Ct. App. 2002), than Davenport or Johnson. In Hollowell, the defendant was charged with battery and resisting law enforcement. On the day of his trial, the State dismissed the charges because of a missing essential witness. The State offered not to refile the information if the defendant pled guilty in a separate case. When the defendant refused, the State refiled charges of battery, two counts of resisting law enforcement, and escape. The State claimed that it had erred by not filing the additional charges in the prior case. The defendant moved to dismiss the charges, but the trial court denied the motion.

On appeal, we affirmed the trial court's denial of the motion to dismiss. We noted that the State was not attempting to circumvent an adverse ruling, that the State was not attempting to punish the defendant by adding more charges, that the defendant had sufficient time to prepare a defense for the new charges, and that the defendant was not forced to discard his prior preparation for trial and begin again with new strategies and defenses.

Here, although Cobbs claims that the State dismissed the charges against him to avoid the adverse ruling regarding the testimony of the confidential informant, the record does not support his claim. The record indicates that, despite the original trial court's

8

ruling regarding the testimony of the confidential informant, the State was proceeding with Cobbs's trial. The State ultimately dismissed the charges because it was missing an essential witness on the day of trial and because the trial court apparently had a strict continuance policy.

When the State refiled charges, it did add a conspiracy charge. However, that conspiracy charge was promptly dismissed, leaving only the original charges of Class A felony dealing in cocaine and Class B felony possession of cocaine. In fact, at Cobbs's trial, the State also dropped the allegation that Cobbs sold the cocaine within 1000 feet of a public park, leaving Cobbs with charges of Class B felony dealing in cocaine and Class D felony possession of cocaine, which were less severe than the original charges. Under these circumstances, we cannot say that Cobbs's substantial rights pursuant to Davenport were violated by the trial court's admission of the confidential informant's testimony.[1]

We acknowledge that, after the State refiled the charges, it did seek a reconsideration of the exclusion of the confidential informant's testimony, and the new trial court allowed that testimony. However, even if the trial court improperly reconsidered the exclusion of the confidential informant's testimony, we conclude that any error was harmless. Cobbs does not challenge the admission of the audio/video recording of the controlled buy or the officer's testimony regarding the controlled buy.

---

[1] In his reply brief, Cobbs argues that the admission of the confidential informant's testimony also prejudiced his substantial rights "in contravention of all the fundamental rules of discovery." Appellant's Reply Br. p. 3. Cobbs reviews the alleged discovery violations and argues that, under the discovery rules, the new trial court judge erred by allowing the confidential informant to testify. This is a different argument than the one presented in Cobbs's Appellant's Brief—that his substantial rights were violated pursuant to Davenport. Appellants are not permitted to raise new arguments in their reply briefs. Curtis v. State, 948 N.E.2d 1143, 1148 (Ind. 2011). This argument is waived.

The evidence presented at trial demonstrated that the officers searched the confidential informant and gave him $100 in buy money. The confidential informant met with Cobbs in the Kroger parking lot. The two men entered the Kroger store and were heard exchanging something for $100. Once outside, the confidential informant was searched again and was in possession of cocaine. Cobbs was stopped by an officer, and he was in possession of the $100 in buy money. Even without the confidential informant's testimony, there was overwhelming evidence to support Cobbs's conviction. Even Cobbs concedes that: "It would appear from the evidence that even without the informant testifying the State had a fairly strong case." Appellant's Br. p. 11. A reviewing court may determine that improper evidence did not have a significant impact on a judge or jury where there was other overwhelming evidence of guilt. Shanks v. State, 640 N.E.2d 734, 736 (Ind. Ct. App. 1994). Any error in the admission of the confidential informant's testimony was harmless.

## Conclusion

The trial court properly admitted the confidential informant's testimony. Even if the trial court erred by admitting the testimony, any error was harmless. We affirm.

Affirmed.

NAJAM, J., and BAILEY, J., concur.