## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 22 2016, 7:36 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Andrew J. Baldwin
Baldwin Kyle & Kamish, P.C.
Franklin, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Scott Winingear,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | January 22, 2016<br>Court of Appeals Case No.<br>18A02-1502-CR-123<br>Appeal from the Delaware County Circuit Court<br>The Honorable Thomas A. Cannon, Jr., Judge<br>Trial Court Cause No.<br>18C05-1411-FC-22 |

**May, Judge.**

[1] Scott Winingear appeals the denial of his motion to dismiss the Class C felony intimidation charge against him.[1] As he was not prejudiced by the State's dismissal and refiling of an amended charge, we affirm.[2]

## Facts and Procedural History

[2] On December 18, 2012, Winingear was charged with Class C felony intimidation in cause number 18C05-1212-FC-34 (FC-34). The charging information alleged:

> Winingear did communicate a threat to Gary McCreery, another person, with the intent that said other person engage in conduct against the will of said other person and in committing said act the defendant drew or used a deadly weapon, to wit: Knife, contrary to the form of the statutes in such cases made and provided by I.C. 35-45-2-1(a)(1) and I.C. 35-45-2-1(b)(2)[.]

(App. at 20.)

[3] After Winingear's trial, the jury deadlocked. The State announced it would retry Winingear, and the second trial was scheduled for July 8, 2014.

[4] The State asked to amend the information to "Attempted Intimidation," (*id.* at 37), and the trial court granted that request. The State's amended information alleged:

---

[1] Ind. Code 35-45-2-1 (2006).

[2] Winingear also asserts the State should not be permitted to revive the original charge. As his substantial rights have not been violated by the filing of the amended charge, we need not address this issue.

> [Winingear] did communicate a threat to Gary D. McCreery, another person, with the intent that said other person be placed in fear for a prior lawful act to-wit:  driving on public roadways; and while committing said act, the person used a deadly weapon, to-wit:  a knife, contrary to the form of the statutes in such cases made and provided by I.C. 35-45-2-1(a)(2) and I.C. 35-45-2-1(b)(2)(A)[.]

(*Id*. at 42.)  Thus, the amended charge was not "Attempted Intimidation"; rather, the State charged Winingear under a definition of intimidation from a different subsection of the statute.  Winingear objected to the amendment and the trial court sustained his objection.

[5]  The State then moved to dismiss the case without prejudice in order to refile the case "under I.C. 35-45-2-1(a)(2)[3] under a new cause number."  (*Id*. at 43) (footnote added).  The court granted the State's motion, and the new charge was filed under cause number 18C05-1411-FC-22 (FC-22).  The information for the new charge was essentially the same as the amended charge requested in FC-34.

---

[3] Ind. Code 35-45-2-1 (2006) says, in pertinent part:

(a)  A person who communicates a threat to another person, with the intent:

(1)  that the other person engage in conduct against the other's will; [or]

(2)  that the person be placed in fear of retaliation for a prior lawful act;

* * * * *

commits intimidation, a Class A misdemeanor.

Thus, the difference in the State's filing is from subsection (a)(1) to subsection (a)(2).

[6] Winingear moved to dismiss the new charge. The trial court denied Winingear's motion and set FC-22 for trial. We accepted Winingear's interlocutory appeal.

## Discussion and Decision

[7] Winingear argues the trial court violated his substantial rights by allowing the State to dismiss the charges brought in FC-34 and refile the amended charge that the court had prohibited the State from belatedly adding in FC-34 under a new cause number, FC-22. "It is well established that a trial court's denial of a motion to dismiss is reviewed only for an abuse of discretion." *Study v. State*, 24 N.E.3d 947, 950 (Ind. 2015), *cert. denied*.

[8] Ind. Code § 35-34-1-13 allows the prosecutor to dismiss an information any time prior to sentencing as long as the prosecutor gives a reason for the dismissal. Such a dismissal does not necessarily bar refiling. *Davenport v. State*, 689 N.E.2d 1226, 1229 (Ind. 1997), *on reh'g in part,* 696 N.E.2d 870 (Ind. 1998). But the State "may not refile if doing so will prejudice the substantial rights of the defendant." *Id.*

[9] Such substantial rights have not been specifically defined, *id.*, but some situations that do not prejudice a defendant's substantial rights have been addressed. *Id.* For example, the State may dismiss a charge because it is not ready to prosecute and it may then refile the same charge. *Id.* Dismissing charges and refiling an amended information does not necessarily prejudice a defendant's substantial rights. *See Willoughby v. State*, 660 N.E.2d 570, 576-78

(Ind. 1996) (amended information filed expanding the time span of the charged conspiracy); *see also Maxey v. State*, 265 Ind. 244, 353 N.E.2d 457, 460-61 (1976) (amended information changed the date of the offense to avoid the defendant's alibi defense). "The defendant's substantial rights are not prejudiced in these situations primarily because the defendant can receive a fair trial on the same facts and employ the same defense in the second trial as in the first." *Davenport*, 689 N.E.2d at 1229.

[10]  In *Davenport*, the State moved to amend the information four days before trial by adding three charges to the original charge of murder. When its request was denied, the State dismissed the original cause and refiled the murder charge together with the proposed additional charges. The State also requested a change of venue. Our Indiana Supreme Court noted the State "crossed over the boundary of fair play [and] prejudiced the substantial rights of the defendant" by attempting to escape the ruling of the trial court and pursue extra charges. *Id.* at 1230.

[11]  In *Johnson v. State*, 740 N.E.2d 118 (Ind. 2001), the State, attempting to circumvent an adverse evidentiary ruling, dismissed the original charge of sexual misconduct with a minor and then refiled it, adding ten more charges that involved the witnesses who had been disallowed by the adverse evidentiary ruling. As no new evidence was discovered prior to refiling, our Indiana Supreme Court found the "State exceeded the boundaries of fair play" and "impermissibly impinged the defendant's exercise of his substantial procedural

rights." *Id.* at 121. The court held the State could "forego the original charge and pursue another charge carrying a similar potential penalty[.]" *Id.*

[12] When deciding whether to dismiss the amended charge against Winingear, the trial court noted the new charge

> doesn't really change the witnesses, the witnesses are the same, the events are the same, the events that occurred are the same, and the defendant's defense by the Court's analysis would be the same, his defense in the first case was that he didn't do this, so I mean he's not being misled by the amended information[.]

(Tr. at 87.) The trial court went on to state: "I think that the defense will have a fair opportunity to prepare for seemingly the same witnesses that were presented the last time and that is not a reason to grant your motion to dismiss[.]" (*Id.* at 87-8.) The trial court stated its ruling disallowing the earlier amendment "was more on the basis that it was an . . . eleventh hour action and [the defense] didn't want to continue the case[.]" (*Id.* at 84.) It concluded the State could dismiss and refile because jeopardy had not attached and Winingear's speedy trial rights had not been violated.

[13] In this case, the State dismissed the original charge of intimidation premised on Winingear's threat to Gary McCreery with the intent that McCreery engage in conduct against his will and in so doing Winingear drew or used a deadly

weapon. The State then refiled in the same court[4] a charge of intimidation premised on Winingear's threat to McCreery with the intent that McCreery would be placed in fear for his lawful act of driving on public roadways, and in doing so, Winingear used a deadly weapon. Although the newly filed charge is based on a different statutory definition of intimidation, we cannot say the trial court abused its discretion in determining the facts, witnesses, and defense would remain the same. As the underlying offense and the potential penalty remain the same, Winingear's substantial rights have not been violated. *See Johnson*, 740 N.E.2d at 121 ("State may forego the original charge and pursue another charge carrying a similar potential penalty").

## Conclusion

As the State's refiling of charges against Winingear did not prejudice his substantial rights, we affirm the denial of his motion to dismiss the charges.

Affirmed.

Najam, J., and Riley, J., concur.

---

[4] Because the State dismissed and refiled the charges, in the same court and with the court's permission, we find no basis for Winingear's allegations of prosecutorial "sleight of hand" or "bad faith in the manner in which she prosecuted this case[.]" (Appellant's Br. at 14.) In *Davenport,* our Indiana Supreme Court held the State had used "sleight of hand" when it dismissed charges and refiled them, together with additional charges, and then requested transfer to a different court. *Davenport*, 689 N.E.2d at 1230. This is not that situation.