## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 21 2019, 9:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael E. Hunt
Monroe County Public Defender
Bloomington, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Deandre L. Williams, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | November 21, 2019 <br><br> Court of Appeals Case No. <br> 19A-CR-734 <br><br> Appeal from the Monroe Circuit Court <br><br> The Honorable Mary Ellen Diekhoff, Judge <br><br> Trial Court Cause No. <br> 53C05-1705-F3-489 <br> 53C05-1705-F3-434 |

**May, Judge.**

[1] Deandre J. Williams pursues an interlocutory appeal of the trial court's denial of his motion for discharge under Indiana Criminal Rule 4(A). He argues the trial court's denial of his motion was clearly erroneous. We affirm.

## Facts and Procedural History

[2] On May 4, 2017, the State charged Williams in Cause Number 53C05-1705-F3-000434 ("F3-434") with two counts of Level 3 felony armed robbery,[1] one count of Level 3 felony robbery resulting in bodily injury,[2] and one count of Level 5 felony robbery.[3] The State also alleged Williams was an habitual offender.[4] The probable cause affidavits supporting the charges allege Williams committed two underlying robberies, one at a Bloomington hotel and another at a Bloomington liquor store. The trial court issued an arrest warrant, and officers executed the warrant on May 11, 2017. At the initial hearing held on the same day as Williams' arrest, the trial court set the matter for jury trial on November 6, 2017.

[3] On May 18, 2017, the State charged Williams in Cause Number 53C05-1705-F3-000489 ("F3-489") with five counts of Level 3 felony armed robbery.[5] The State alleged Williams committed a string of additional robberies in the

---

[1] Ind. Code § 35-42-5-1.

[2] Ind. Code § 35-42-5-1.

[3] Ind. Code § 35-42-5-1.

[4] Ind. Code § 35-50-2-8.

[5] Ind. Code § 35-42-5-1.

Bloomington area, including robbing a pizza parlor on two separate occasions and robbing once each a laundromat, convenience store, and bakery. After Williams' initial hearing in F3-489, which occurred on May 19, 2017, F3-434 and F3-489 proceeded together on the same procedural track. The court periodically reviewed the cases through a series of pretrial conferences.

At the October 23, 2017, pretrial conference, Williams' counsel and the court discussed the possibility of placing Williams on home detention at Wheeler Mission pending resolution of his charges. The court wanted assurance that Williams would be able to comply with GPS monitoring while at Wheeler Mission and that Wheeler Mission would commit to accepting Williams on a specific date. The trial court indicated that it would have to contact Wheeler Mission to see if it could coordinate Williams' release to home detention. In the meantime, Williams requested the matter be set for another pretrial conference. When the trial court suggested setting the matter for pretrial conference on December 12, 2017, the State noted Williams had a trial date set in November. Williams' counsel stated in response, "[w]e would waive or move to vacate." (Oct. 23, 2017, Tr. at 6.) The court set the matter for a further pretrial conference on December 12, 2017. A Chronological Case Summary note following the October 23, 2017, pretrial conference states, "Jury Trial scheduled for 11/06/2017 at 8:30 AM was cancelled. Reason: Agreement of Parties." (App. Vol. II at 4.) The court held additional pretrial conferences over the next year.

[4] On November 2, 2018, Williams filed a Motion to Discharge arguing that he was entitled to release on his own recognizance because the State failed to bring him to trial within six months of his arrest. The State responded to Williams' motion on December 3, 2018. In its response, the State listed the number of days attributable to Williams and argued "the defendant's eligibility for relief under Criminal Rule 4(A) or 4(C) has not vested." (Id. at 52.) In response to Williams' motion, the State did not list the fifty-day time period between October 23, 2017, and December 12, 2017, as attributable to the defense, but the State also did not calculate the number of days attributable to the State.

[5] On December 13, 2018, the trial court denied Williams' motion for discharge during a pretrial conference and stated on the record:

> At no time did the defense object to a continuance nor at any time did the defense say specifically that it was not. There were conversations done frequently with Mr. Williams, in fact with Mr. Williams addressing the Court, about going to Wheeler to live; living someplace else; looking into someplace else. The Court at the suggestion and request of the defense looked at other places to live and looked at other places for him to be. Was willing to do them but they did not work out. It was not anything that the prosecution was putting forward it was things that the defense was asking. Those continuances are attributed to the defense.

(Dec. 13, 2018, Hearing Tr. at 5-6) (errors in original). Williams filed a motion to correct error, and the trial court denied his motion. Williams then sought and was granted leave to pursue this interlocutory appeal.

# Discussion and Decision

In evaluating Criminal Rule 4 motions, we review questions of law *de novo* and factual findings for clear error. *Bradley v. State*, 113 N.E.3d 742, 748 (Ind. Ct. App. 2018), *reh'g denied*, *trans. denied*. Rule 4(A) provides:

> **(A) Defendant in Jail.** No defendant shall be detained in jail on a charge, without a trial, for a period in aggregate embracing more than six (6) months from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge (whichever is later); except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall make such statement in a motion for continuance not later than ten (10) days prior to the date set for trial, or if such motion is filed less than ten (10) days prior to trial, the prosecuting attorney shall show additionally that the delay in filing the motion was not the fault of the prosecutor. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so detained shall be released on his own recognizance at the conclusion of the six-month period aforesaid and may be held to answer a criminal charge against him within the limitations provided for in subsection (C) of this rule.

Crim. R. 4(A) (emphasis in original). A defendant in custody and awaiting trial is entitled to be released from jail if 180 days pass from the date he is arrested or charged (whichever is later) without trial. *Id.* However, every day a

defendant's trial is delayed because of the defendant's own motion or act, or because of a congested court calendar, does not count toward the 180 days. *Id.* Criminal Rule 4 is meant to protect a defendant's right to expeditious resolution of criminal charges without providing the defendant with a technical means to escape prosecution. *Logan v. State*, 16 N.E.3d 953, 959 (Ind. 2014). When the record is silent regarding the reason for a delay, the delay is attributed to the State. *Schwartz v. State*, 708 N.E.2d 34, 37 (Ind. Ct. App. 1999). Whether or not a trial date is set, a delay in trial on the defendant's own motion is not attributed to the State for Criminal Rule 4 purposes. *Cook v. State*, 810 N.E.2d 1064, 1067 (Ind. 2004). Also, if the defendant delays a task that must be completed before trial, that amounts to the defendant delaying trial. *Payton v. State*, 905 N.E.2d 508, 512 (Ind. Ct. App. 2009), *trans. denied*.

[7]     The parties generally agree regarding which party is responsible for most of the delays in bringing Williams to trial. For example, both parties agree the forty-nine-day delay between the date of Williams' arrest in F3-434, May 11, 2017, and the pretrial conference on June 29, 2017, is attributable to the State. However, the parties disagree regarding which side should be charged with the fifty-day delay from October 23, 2017, to December 12, 2017. The impetus of this appeal is to determine whether it was clear error not to attribute those days to the State. For clarity, we have distilled the historical tally of these days into the following chart.

| Dates | Total Number of Days | Party Charged with the Days |
|-------|---------------------|----------------------------|
| 5/11/17 to 6/28/17 | 49 | State |

| | | |
|---|---|---|
| 6/29/17 to 8/27/17 | 60 | Defense |
| 8/28/17 to 9/24/17 | 28 | State |
| 9/25/17 to 10/22/17 | 28 | Defense |
| 10/23/17 to 12/11/17 | 50 | *in dispute on appeal* |
| 12/12/17 to 1/15/18 | 35 | Defense |
| 1/16/18 to 3/5/18 | 49 | State |
| 3/6/18 to 5/2/18 | 58 | Defense |
| 5/3/18 to 6/11/18 | 40 | State |
| 6/12/18 to 11/2/18 | 143 | Defense |

The fifty days in dispute on appeal is dispositive. If the fifty days are attributed to Williams, then Williams is not entitled to release on his own recognizance pursuant to Criminal Rule 4(A) because the total delay charged to the State is only 166 days for F3-434 and 159 days for F3-489. However, if the fifty days are attributed to the State, then Williams is entitled to release on his own recognizance because the total delay charged to the State is 216 days for F3-434 and 209 days for F3-489.

[8] Williams asserts the record is silent regarding the fifty-day delay from October 23, 2017, to December 12, 2017, and therefore, these days should be attributed to the State. Williams bases his assertion on the fact that the Chronological Case Summary entry for October 23, 2017, states: "Defendant appears in the custody of the sheriff and by counsel. Cause set for further pretrial conference on December 12, 2017 at 10:00 a.m. . . . Parties are checking on dates defendant can go to Wheeler Mission." (App. Vol. II at 4.) Williams also notes that, in response to his motion to discharge, the State did not list this fifty-

day time period between October 23, 2017, and December 12, 2017, as attributable to the Defense. If we credit those fifty days to the State, Williams argues, then Williams was held in custody without trial for over six months because of delays not attributable to him. Therefore, Williams argues he is entitled to be released on his own recognizance.[6]

[9] However, the transcript of the October 23, 2017, pretrial conference reveals the matter was continued at the defendant's request, so the court could determine whether Wheeler Mission was an appropriate place for Williams to serve home detention. When the State brought up that Williams' jury trial was set for November 6, 2017, Williams moved to vacate the trial.[7] As the trial court noted at the hearing on Williams' Motion to Discharge, Williams requested that he be allowed to serve his pretrial confinement on home detention. That was not something the State requested. In fact, the State objected to Williams'

---

[6] In his reply brief, Williams argues the State waived its argument that the fifty days between October 23, 2017, and December 12, 2017, should be attributed to Williams because the State did not raise the argument before the trial court. In *Ind. Bureau of Motor Vehicles v. Gurtner*, we held that a driver's argument that she was not provided adequate due process before her driving privileges were suspended was not waived even though she did not raise it before the trial court because she was an appellee seeking to affirm a trial court's judgment. 27 N.E.3d 306, 312 (Ind. Ct. App. 2015). We noted that an appellee is entitled to defend a trial court's judgment on any grounds, and we observed that "[t]his rule is consistent with the presumption in all appeals that a trial court's judgment is correct as well as the general rule that on appeal we will affirm a judgment on any theory supported by the record." *Id*. Consequently, while the State did not attribute the days to Williams in response to Williams' motion to discharge, the State is not precluded from arguing on appeal that those days should be attributed to Williams.

[7] Williams argues he had no option but to agree to vacate the trial date at the October 23, 2017, pretrial conference because the State failed to timely exchange information in discovery. However, this argument was not raised in Williams' initial brief. It is well settled that "[a]ppellants are not permitted to present new arguments in their reply briefs, and any argument an appellant fails to raise in his initial brief is waived for appeal." *Kelly v. Levandoski*, 825 N.E.2d 850, 858 n.2 (Ind. Ct. App. 2005), *trans. denied*; *see also* Ind. App. R. 46(C). Consequently, Williams has waived any argument that additional delay should be attributed to the State because the State failed to cooperate in discovery. *See Cobbs v. State*, 987 N.E.2d 186, 191 n.1 (Ind. Ct. App. 2013) (holding argument presented for first time in reply brief was waived).

potential release to home detention. Consequently, as the trial court explained at the December 13, 2018, pretrial conference, any delay caused by trying to find a place for Williams to serve home detention should be charged to the defense. We cannot say this was clear error based on the record before the trial court, and therefore, we hold Williams' motion to discharge was properly denied. *See Austin v. State*, 997 N.E.2d 1027, 1043 (Ind. 2013) (holding trial court did not clearly err in finding court congestion warranted setting defendant's trial outside period provided by speedy trial rule).

# Conclusion

[10] We hold the fifty-day delay between October 23, 2017, and December 12, 2017, is attributable to Williams because Williams agreed to vacate the November 2017 trial date, and the reason for the delay was for the trial court to determine if Wheeler Mission was an adequate home detention placement for Williams, given Williams wanted to be released to home detention pending resolution of his charges. Therefore, the total number of days of incarceration attributable to the State between Williams' arrest and the date of the motion to discharge was 166 for F3-434. In F3-489, the total delay attributed to the State was 159 days. Both delays are less than the 180-day delay required by Indiana Criminal Rule 4(A) to mandate Williams' release on his own recognizance. Consequently, Williams' motion to discharge was premature, and we affirm the trial court.

[11] Affirmed.

Bailey, J., and Tavitas, J., concur.